## Peter Ehel *against* John Smith.

IN ERROR on *certiorari*, the return set forth the warrant to have been directed to the constable of the town where the defendant " dwelt," and that the plaintiff below, after declaring generally, that the defendant was indebted to him, delivered to the justice a book account, the *greater part of which* was for tavern expenses. To this the defendant pleaded in bar the 13th section of the tavern act, restricting innkeepers from trusting any persons, other than travellers, for a larger sum than 1 dollar 25 cents, for strong or spiritous liquors, or other tavern expenses. The justice, however, went on to trial, and the jury brought in a verdict in favor of the plaintiff, for 25 dollars, of which sum they found 3 dollars 82 cents to have been for spiritous liquors.

*Gold*, assigned as reasons for reversal, that on the face of the record, it appeared *the action was not maintainable*, and also that the oath administered to the constable was not to keep the jury " together," but only to keep the " inquest in some private" place. This last objection he contended was, on the authority of the eighth resolution in *Day* v. *Wilber*,* fatal.

*Simonds* contra, insisted, that as the cause went to a jury, it must be intended the defendant was proved to have been a lodger in the tavern, and therefore within the exception of the 14th section.

*Gold*, in reply, said no intendment could be made against the record, and by that, it appeared the defendant below " dwelt" in the town, to the constable of which the warrant was directed.

*Per curiam*, delivered by *Thompson* J. This case comes before the court on *certiorari*. Several exceptions have been taken to the return. We shall confine ourselves to that which relates to the declaration.

The account delivered must necessarily be taken as the plaintiff's declaration, otherwise he sets forth no specific demand to which the defendant could answer. Although a plaintiff in a justice's court ought not to be held to technical niceties in declaring, yet he ought to make it appear, that he has a sufficient foundation for bringing his action,

If a plaintiff before a justice declare generally against a defendant, that he was " indebted," and then deliver a book-account to the justice, that account will be taken as part of his declaration, and if it appear on the return to have been for tavern expenses, the plaintiff ought to shew that the defendant was within some of the exceptions in the 13th section of the tavern act, *aliter*, if the plaintiff do not himself shew that the demand was for tavern expenses, for then the defendant must bring himself within them. On *certiorari*, error-books may be delivered to the judges, but they will not be allowed for on taxation.

* 2 Vol. 137

ALBANY,
August, 1805.

Jackson
v.
Graham.

and not by his own shewing, disclose that his demand was illegal. By the general terms " tavern expenses," the court must necessarily intend such charges as are prohibited in the section of the act pleaded in bar. Had he declared generally on a common book account, it might have been incumbent on the defendant, to shew that the account was for tavern expenses, and the court here might intend, in favor of the judgment, that he failed in doing that. But when the declaration states the demand to be tavern expenses, it lay with the plaintiff to disclose that the defendant was " a traveller or lodger in his house," in order to bring his account within the exceptions in the act, and give him a right of recovery. Not having done this, his demand, from his own shewing, was illegal, and the judgment in the court below, cannot be maintained ; more especially as it appears expressly by the return, that three dollars and eighty two cents of the recovery was for tavern expenses. This precludes us from making any intendment that the illegal charges were rejected. The judgment must therefore be reversed.

N. B. *Gold* delivered error books to all the judges, who said this was not prohibited from being done, but that they would not be allowed for on taxation.