Stolp
v.
Van Cortland.

---

## STOLP *vs.* VAN CORTLAND.

*A declaration in a justice's court, where the plaintiff declares on a book account generally, and at the same time exhibits a written account of items, is good; and on appeal, evidence should be received that the account thus exhibited was returned by the justice and filed with his return, although it was not attached to the return.*

ERROR, from the Onondaga common pleas. Stolp sued Van Cortland before a justice and obtained a judgment. Van Cortland appealed to the Onondaga common pleas. The justice made a return of *the proceedings* and judgment in the cause, in which he stated the issue as follows: " *The plaintiff declared on a book account generally and failure on contract;* the defendant pleaded the general issue, failure on contract, monies had and received;" and that issue being thereupon joined, the defendant demanded that the cause should be tried by a jury, &c. On the trial in the common pleas, the plaintiff produced on account of 22 items, and offered to prove the same. The evidence was objected to by the defendant, on the ground that the declaration was insufficient for that purpose, and the court sustained the objection. The plaintiff then offered to prove that the paper containing the said items was produced to and left with the justice at the time of the plaintiff's declaring in the cause, and at the joining of the issue between the parties, and *that the justice re-*

*turned the same with his return,* although it was not attached
thereto, to the common pleas, and that it was filed therewith ;
which evidence was also objected to, and refused to be re-
ceived by the court. After the offer of further testimony,
which was also rejected, the plaintiff was nonsuited.

*F. G. Jewett,* for plaintiff in error.

*B. Davis Noxon,* for defendant.

*By the Court,* SUTHERLAND, J. The account which the plaintiff below exhibited to and left with the justice at the time of declaring and joining issue, must be considered a part of the declaration. The case of *Ehel* v. *Smith,* (3 Caines, 187,) is a direct authority to this point. It is not denied if it had been attached to or incorporated in the declaration, that it would have been sufficiently precise. But it is said that the justice in his return states that the "*plaintiff declared on book account generally and failure in contract ;*" and that it is contradicting the return to shew that at the same time he delivered an account to the justice, which, in judgment of law, became a part of the declaration. The justice states in his return that he makes return of the *proceedings* and judgment before him; and among the papers returned and filed by him in this account, though it was not fastened to the return itself. The plaintiff offered to prove these facts, and to substantiate the account by proof; this evidence was rejected by the court. The plaintiff was prohibited from proving that the account was delivered to the justice at the time of declaring, and was returned and filed by him in the court of common pleas ; and having rejected that evidence, proof of the items of the account was rejected because the declaration was too vague to admit it, and the plaintiff was nonsuited. The account was a part of the proceedings returned by the justice, and the plaintiff was entitled to the benefit of the fact of its having been returned by him : the legal conclusion from that fact is, that it was a part of the plaintiff's declaration. This, in no respect, contradicts the return. Suppose the justice should return that the plaintiff in an action before him declared in *assumpsit,* with-

out stating any thing more, and should attach to the return a formal declaration in assumpsit between the same parties can there be a doubt that this would properly be considered a declaration? Whether it was actually attached to the return, or the papers were all put into a bundle and filed, cannot be material; they are the proceedings before the justice returned by him. The case of *Bowditch* v. *Salisbury*, (9 Johns. R. 366,) would seem to shew that the general form of declaring *for a book account*, without any specification, was good. (See, also, 3 John. R. 436.) On the other ground, however, I think the judgment should be reversed, and a venire de novo awarded to Onondaga common pleas.