### Musier *vs.* Trumpbour.

Where two persons agreed to burn lime on shares, one to fill a kiln with stone and the other to burn the kiln and furnish the *necessary wood* for the purpose, the lime to be equally divided between them, *it was held,* that a technical *partnership* existed between the parties.

Notwithstanding the partnership, however, an *action at law* may be maintained by one party against the other for a balance due him growing out of the partnership transaction, if there be but a single item to liquidate.

The same nicety and precision is not required in pleadings joined in a justice's court which are required in courts of record; and evidence will be received under pleadings joined in the former, which would not be received under pleadings joined in the latter.

ERROR from the Greene common pleas. Musier sued Trumpbour in a justice's court, and declared for about 200 bushels of lime ; the defendant pleaded the general issue, and gave notice of set off. The cause was tried before the justice, and judgment rendered for the defendant for $2,60. The plaintiff appealed to the Greene common pleas ; where the cause was tried on the issue joined before the justice. On the trial, the counsel in opening the cause stated that the plaintiff would prove that he was the owner of a lime kiln ; that it was agreed between him and the defendant that he would fill the kiln with stone, and that the defendant would furnish the necessary wood and burn the kiln to lime, which was to be equally divided between them ; that the defendant took more than his proportion of the lime, and subsequently inquired of the plaintiff how much he owed him on account of the lime, who answered $12,50, which the defendant promised to pay as soon as he got returns from a cargo of hay which he had shipped to New-York : on which opening the

defendant insisted that the plaintiff ought to be nonsuited, admitting the facts to be as stated by him, because, 1. The facts shewed a partnership between the parties, and the action could not be sustained unless a balance had been struck, and that there had been a promise to pay ; and 2. That under the declaration in the cause, evidence of a balance struck and promise to pay was inadmissable. The court sustained the objections taken by the defendant, and nonsuited the plaintiff ; who excepted to the decision of the court, and sued out his writ of error.

*Van Orden & Dorlon,* for plaintiff in error.

*Powers & Day,* for defendant in error.

*By the Court,* SAVAGE, Ch. J. I am inclined to the opinion that a technical partnership existed as to the lime ; each contributed materials and labor, and the lime was to be equally divided between the parties ; but I apprehend it is not necessary to send these parties into a court of chancery to settle a dispute about $12,50. If there had been a partnership, there was but a single item to liquidate, the partnership being at an end ; and in such case, it was held by Lord Ellenborough, in *Robson* v. *Curtis,* 1 *Stark. R.* 63, that the difficulty as to partnership would disappear. On this point, therefore I am of opinion that the plaintiff should not have been nonsuited.

On the other point, also, I think there was error. In justices' courts, where the pleadings are usually conducted by the parties themselves, that technical nicety and precision are not required which are required in courts of record, unless the pleadings are demurred to. 5 *Johns. R.* 122. The declaration is to be liberally construed, so as, if possible, to meet and embrace the proof. 10 *Johns. R.* 104. 3 *Cowen,* 187, 278. I think the proof of a promise should have been received.

Judgment reversed, and *venire de novo* to Greene common pleas.