DEAN and others *vs.* GRIDLEY.

On *appeal* from a justice's judgment, a defendant is not permitted to make formal objections to the declaration, of which he might have availed himself by *demurrer* in the court below.

Where a party is sued for neglect of duty as a public officer, his *acts* may be shewn in support of the allegation that he holds such office, although there be *record evidence* of his appointment or election.

So, where a party is sued as an *overseer of highways* of a particular *road district*, his *acts* and *general reputation* may be resorted to, to shew that there is such a district, although there be *record evidence* of its creation.

A defendant in error cannot, on the argument of the cause, take advantage of the fact that a *bill of exceptions* purports to have been signed at a time *subsequent to the trial ;* if the error be pointed out on the argument, this court will permit the bill to be amended ; if a bill of exceptions be improperly allowed or erroneously dated, the remedy is to set it aside on *special motion.*

Where a plaintiff is nonsuited and brings error on a bill of exceptions, the court will not, on the suggestion of the defendant in error, examine into the correctness of other decisions made by the court below to sustain the judgment ; the only questions before the court are those arising on the bill of exceptions.

ERROR from the Tioga common pleas. Dean and two others, *commissioners of highways* of the town of Candor, in March, 1829, sued Gridley, an *overseer of highways*, in a justice's court, and claimed of him a penalty of *ten dollars* for not causing the loose stones lying in the beaten track of the highways to be removed therefrom, charging him with having been *duly elected* an overseer of highways for the year 1828, for the *thirtieth district* of the town of Candor. The defendant pleaded the

*general issue.* The cause was tried, and the plaintiffs had a verdict. The defendant appealed to the Tioga common pleas; and on the trial in that court, the plaintiffs offered to prove by the acts of the defendant, and by general reputation, that the defendant was an overseer for the district specified in the declaration, and also offered to prove by *parol* the location of the district. The defendant insisted that as his election (if elected) and the location of the district might be shewn by *record evidence,* inferior evidence was inadmissible ; but the objection was overruled. The defendant then insisted that the action would not lie in the names of the plaintiffs, they being commissioners elected for 1829, and that the suit should have been brought in the names of the commissioners elected for 1828, and objected that the action could not be maintained for a variety of *defects in the declaration,* as, 1. That the plaintiffs were not commissioners elected at the same time with the defendant ; 2. That the declaration alleged merely that the defendant was duly elected for the year 1828, without stating that he was elected at a town meeting, or how otherwise ; 3. That it was not alleged that the defendant undertook the duties of his office ; 4. That no time was stated when the defendant neglected his duty ; 5. That it is not alleged that a road warrant was issued to the defendant, or that he was notified to do the work, &c. The court sustained the *second* and *fifth* objections, refused to hear evidence on the part of the plaintiffs, and directed a *nonsuit.* The plaintiffs excepted and sued out a writ of error. The cause was tried in the Tioga common pleas on the first Tuesday of May, 1830, and the *bill of exceptions* brought up with the record bears date on the sixth day of May, 1831.

*J. A. Collier,* for the plaintiffs in error.

*T. Farrington,* for the defendant in error.

*By the Court,* Savage, Ch. J. The counsel for the defendact in error makes one point which ought to be discussed preliminarily. It is that the bill of exceptions is dated May 6th, 1831, one year after the trial. If the bill of exceptions was

improperly settled or improperly dated, the practice of this court is to require the party objecting to it to move to set it aside. There is good reason for this practice, viz. that if any mistake has happened, it may be amended and the party may not lose the benefit of his writ of error. The practice of the supreme court of the United States seems to require that the bill shall be so drawn as to appear to have been signed upon the trial, whether it was so in fact or not; and the court of errors seem to approve the practice, 6 *Wendell*, 278. The practice of this court is different. The practice as to taking exceptions and making and settling bills of exceptions is, I presume, the same in the supreme court of the United States as in this court; an exception is taken upon the trial, and noted in writing either by the court or counsel or both, and the bill is afterwards put in form and signed. The supreme court of the United States require that it shall be signed *nunc pro tunc* as of the time of the trial, and that it shall purport on its face to be signed pending the trial. 9 *Wheaton,* 657, 8. Our rule (see rule 38) expressly says that the party shall not be required to prepare his bill upon the trial, but shall reduce his exception to writing and deliver it to the judge, or the judge shall himself note the point as he may elect, and the bill shall *afterwards* be drawn up, amended and settled, in the same manner as cases are settled, which is specified in the 34th rule. Our rules therefore do not require the bill to be signed upon the trial. If that was ever necessary, it was so because such was the practice of the court; in that particular, I contend that this court has power to regulate its own practice in cases not provided for by statute. 2 *R. S.* 199, § 19. Our practice is, I think, in accordance with our statute. 2 *R. S.* 422, 3, § 73 *to* 80. By section eighty, it is provided that the bill of exceptions shall be entered in the record of the proceedings in the cause. It seems to me it is a compliance with the statute, if it appear to have been settled before judgment rendered. As this part of the bill is mere matter of form, and as it is desirable not to conflict with what is considered correct practice by the court for the correction of errors, leave to amend should be granted according to 2 *R. S.* 425, § 8, 9, by which the court is authorized to amend all defects not being

against the right and justice of the matter of the suit, and not
altering the issue between the parties ; and this amendment
may be made by the court where the judgment shall be giv-
en, or by the court into which such judgment shall be remov-
ed by writ of error.

The counsel for the defendant also insists that the court
erred in its previous decisions, and therefore if the judgment
is right, though founded upon a wrong reason, it should be
affirmed.    This is not the course upon a bill of exceptions.
The precise points decided by the court below and to which
the plaintiffs excepted, are all which are now properly before
us.    The defendant might have excepted and taken his bill
also, and thus brought in review the decisions which were
against him.    The only point now before the court is wheth-
er the declaration is defective in the particulars specified in
the bill of exceptions.    It has often been decided that great
liberality will be exercised as to matters of form in proceed-
ings before justices of the peace.    In the court before the jus-
tice, the defendant might have demurred to the declaration, if
he had chosen so to do, and the decision, if against him, might
have been reviewed ; he did not do so, but took issue.
When an appeal is brought, the cause is to be tried upon its
merits in the common pleas, upon the pleadings put in before
the justice.    The defendant had no right therefore to take ex-
ceptions in the manner he did in the common pleas, and the
court erred in its decision.    It appears to me that they had
virtually overruled both the objections to the declaration which
they sustained on granting the nonsuit, when they held that
the acts of the defendant and general reputation were suffi-
cient to shew him an officer.    If he had exercised the office,
but neglected some of its duties for which he was punishable,
he could not excuse himself by saying that the commissioners
had omitted some part of their duty.    Neither could he say
that he was not elected for the year 1828, if, during the official
year in which the election was held, in 1828, he exercised the
powers of the office.    The judgment must therefore be revers-
ed, and a *venire de novo* must be issued by the court of com-
mon pleas of Tioga county.    It will probably be satisfactory

to that court to know, that in the opinion of this court their decision was correct permitting parol evidence, viz. general reputation and the acts of the defendant, to shew that he was overseer of district No. 30. It is true there was higher evidence, but this is one of those cases in which the highest evidence need not be produced. To prove a general allegation that a party holds a particular office, it is sufficient to shew that he acts in that capacity ; such assumed character is sufficient against the party, as it operates by way of admission. 2 *Starkie's Ev.* 372, 3, 4. 4 *T. R.* 366. 3 *Johns. R.* 431. There are cases where this would not be sufficient : for instance, had the defendant been prosecuted for refusing to accept the office, then the highest evidence must have been produced ; such a charge excludes the possibility of such proof as was offered here. In this case, the acts and admissions of the defendant are sufficient evidence of the character and of the district in which he acted, and so the court correctly decided.