## FITCH *vs.* MILLER.

In an action under the *common school act,* against a *trustee* for the neglect of the duties of his office, a *declaration* in very general terms is sufficient; if the defendant is dissatisfied with it, he must *demur.*

Construction of the act, that *pleading before justices* shall be *liberally construed,* &c.

ERROR from the Rensselaer common pleas. Miller sued Fitch before a justice, and declared against him in debt, for that whereas the defendant, on, &c. at, &c. after having been *legally* and *duly* elected a *trustee of a school district* (to wit, district No. 5, in the town, &c.) and accepted of the same, did neglect the duties and requirements of his office, and utterly refused to act and perform, contrary to the form of the statute, whereby, and by force of the statute, to wit, the act entitled "an act for the support of common schools," passed April 12th, 1819, the defendant forfeited for his offence the sum of *ten dollars,* whereby an action accrued to the plaintiff to demand and have the said sum of ten dollars; yet the defendant hath not paid, &c. The defendant put in a plea, praying judgment whether the court ought further to take cognizance of the action, because the cause of action set forth in the *summons* is against him in his *individual capacity,* and the *declaration* is for a penalty for an alleged neglect of duty *as trustee of school district* number five; wherefore, on account of the *variance* between the summons and declaration, he prays judgment of the declaration, and that the same may be quashed ; to which plea the plaintiff *demurred,* and the defendant joined in demurrer. The justice adjudged the plea good, and no further proceedings were had before him. The Rensselaer common pleas, on *appeal,* adjudged the plea bad, and rendered

judgment for the plaintiff for the debt demanded by him, and the costs of the appeal. The defendant sued out a writ of error.

*J. Koon*, for plaintiff in error.

*J. Van Vleck*, for defendant in error.

*By the court*, SAVAGE, Ch. J. Miller sued Fitch before a justice for the penalty imposed by the 22d section of the act for the support of common schools, *Laws of* 1819, *p.* 200, for neglecting the performance of the duties of the office of trustee of a school district. That part of the section which is pertinent, first imposes a penalty of *five dollars* for a refusal to serve, to be recovered by the commissioners, or in the name of any other person ; and when recovered, to be paid to the commissioners, for the use of the common schools. Then follows this clause : "And every person who, being duly chosen or appointed as aforesaid to serve in any such office, and having accepted thereof, or not declared his refusal to accept, shall neglect the performance of the duties of such office, shall forfeit and pay the sum of *ten dollars*, to be recovered with costs of suit in the manner aforesaid, and for the use aforesaid." The plaintiff in error, the defendant below, insists that if his plea be bad (and he does not attempt to sustain it,) yet he must have judgment of *reversal*, because the declaration is insufficient. The only question then is, is the declaration good upon general demurrer ? The act of 1824, which gives the remedy by appeal, *Laws of* 1824, *p.* 296; § 38, declares that the pleadings in the common pleas shall be the same which were had before the justice ; that they shall be *liberally construed, without regard to established forms or technical rules of pleading, and with* a *view to substantial justice between the parties ;* that is, it shall be sufficient if they answer the substantial purposes of pleading, and apprise the opposite party of the real grounds of action or defence, so that there shall be no surprise—no misapprehension as to what each par- is to meet in evidence. Testing the declaration by this rule it is undoubtedly good. The cause of complaint is not any par-

ticular omission of duty, for which a particular penalty is imposed, but a general neglect of the duties of the office. This statute received a construction in *Spafford* v. *Hood*, 6 *Cowen*, 478, where it was considered that the object of the clause in question was to compel a *bona fide* acceptance of the office, and an attention to the duties generally, and to prevent a nominal acceptance, and thus evade the penalty of five dollars, imposed for a refusal to serve. This view of the statute obviates the necessity of greater particularity in the declaration. The defendant below was sufficiently aware of what he was to meet, or he would have demurred *specially*. He made no objection to the declaration, but put in a sham plea, which he does not now endeavor, to sustain. Being of opinion that the declaration is good on general demurrer, the judgment of the common pleas must be *affirmed*.

Judgment affirmed.