The schooner WILLIAM THOMAS and N. REDDEN, d. b. appellants *vs.* STEPHEN W. ELLIS, p. b. respondent.

A part owner of a vessel, who is not the master, or ship's husband, cannot order repairs, and sue his partner at law for his share of the expense.

APPEAL from the judgment of a Justice of the Peace.

This was an action by Stephen W. Ellis, the owner of one-half the schooner William Thomas against Nehemiah Redden, whom he alleged to be the owner of the other half, for a share of repairs done, and necessaries furnished to the vessel.

It appeared in evidence, that the repairs were done at the port where both plaintiff and defendant resided; and were ordered by the plaintiff but not by the defendant, who was not consulted on the subject. The repairs were paid for by Ellis, who now sued the defendant for his half of the amount expended, in an action of indebitatus assumpsit. The first question was, whether one part owner of a vessel could, without the order or consent of his co-owner, do necessary repairs on a vessel and recover from him his proportion of the expenses, in an action of indebitatus assumpsit.

*The Court* said, such an action will not lie between general partners. The difficulty of settling partnership accounts in an action at law, and the wide range to which conflicting claims of partners on each other in the course of partnership dealings, would lead, neces-

sarily requires that the partnership business should be settled and a balance struck, before one partner should be permitted to sue another in an action at law, proceeding upon an implied assumption to pay the amount demanded.

The same principle is, to a less extent, applicable to part owners or tenants in common of a chattel; but in relation to part owners of a vessel, the rights and liabilities are further modified by the kind of property. In vessel property; for its preservation and usefulness, it is often requisite that some person should be authorized to procure necessaries, and bind the owners, or the vessel itself. Thus, the ship's master has extraordinary remedies for liabilities incurred by him, and can bind the owners, or the ship. So a ship's husband, who is the agent of all the owners, appointed for this purpose, may bind the owners for necessaries found the vessel; for this is his business, to fit out and supply the ship, and manage the business for all the owners.

But a part owner of a vessel who has not the general legal authority of a master, nor the special authority of a ship's husband or agent, cannot furnish repairs and supplies at the port where his co-owners reside, and bind them without their consent and orders. He has no right to represent the other owners as the master or ship's husband has; nor do persons furnishing supplies on his order, give credit to all the owners, but only to the individual owner giving the order. Not so with the master or husband, who represents all the owners and pledges their credit. If, therefore, the other owners are not liable to third persons furnishing supplies on the order of one owner, much less are his co-owners liable over to him, in an action founded on the implied assumpsit, to repay him a portion of the expense incurred by him.

*Cullen,* for plaintiff, cited 1 *Steph. N. P.* 308; 1 *Johns. Rep.* 138, 139; 2 *Com. L. Rep.* 303-4; 5 *Wend. Rep.* 274; 1 *Ch. Pl.* 39, *n.* 2; 3 *Kent's Com.* 39, 40.

*Wootten* and *Houston,* for defendant, cited 1 *Ch. Pl.* 25-6; *Abbott on Shipping* 103, 104, [83,] 112, [92,] 113; 7 *Bingh.* 709; [20 *Com. L. Rep.*;] 3 *Kent's Com.* 151, 156-7, 355; *Ibid* 133; 7 *Johns. Rep.* 307; *Abbott on Ship.* § 19.