## GROFF *vs.* GRISWOLD & CORNING.

In an action in a justice's court on a judgment, a declaration stating that the plaintiff claims to recover on a former judgment, identifying it, is sufficient, unless the defendant objects by demurrer.

The return of a justice to a *certiorari*, stated that the plaintiff " declared on a judgment rendered before *me* on" a day named, " in favour of the plaintiff, and against the defendants, for" a sum of debt and costs mentioned, without any further statement of the proceedings in the suit in which such judgment was obtained ; *held,* (the question arising in a case where the defendant did not appear before the justice or object,) that the declaration was sufficient.

Where in a suit before a justice, the plaintiff, to prove a judgment rendered before the same justice, introduced his docket ; *held,* that the same was sufficient evidence without proof of its identity or of the official character of the justice.

Where a justice's docket, given in evidence to prove a judgment, stated the issuing and personal service of a summons on a day named, and that on a subsequent day specified, which was six days after the service of the summons, the plaintiff appeared and declared, and that judgment was rendered, but it was not otherwise stated on what day the summons was returnable; *held,* that the docket sufficiently showed jurisdiction to have been obtained in the suit.

ERROR to the Onondaga common pleas. Groff, in July, 1844, sued Griswold & Corning before a justice of the peace, and on the return of the summons declared on a former judgment in his favor, rendered before the same justice against the defendants, for $42,04 of debt, 34 cents damages and $1,06 costs. The defendants did not appear. The plaintiff, to prove his case, produced the docket of the justice ; and a witness sworn on his behalf, testified to the official character of the justice, and that the book produced was his docket. The docket was received in evidence, and contained an entry in the following words :

" Daniel Groff  
  *vs.*  
Addison C. Griswold &  
 Richard S. Corning.

      June 15th, sum's ; 15 pers. serv'd by S. Kenyon, const. ; 21. pl'ff appears, declared on judgment rendered by John H. Johnson, May 10th, 1844, $42,04. J. R. An-

derson sworn, and judgment for pl'ff. Debt $42,04; damages 34 cents, costs $1,06. June 21, 1844, judg't $43,44."

The justice's return stated that the foregoing was the only evidence given on the trial, and that he rendered a judgment for the plaintiff for the amount of the former judgment and the costs of this second suit.

The defendants prosecuted a *certiorari* from the Onondaga common pleas, which court reversed the judgment of the justice, on the ground, as stated in the record in that court, "that the justice had manifestly erred in giving judgment, &c. because the facts as proved before him required of him a judgment in favor of" the defendants and not in favor of the plaintiff.

The plaintiff brought error to this court.

*Forbes & Sheldon,* for the plaintiff in error.

*A. C. Griswold,* for the defendants in error.

*By the Court,* JEWETT, J. The declaration before the justice is objected to, as insufficient, on the ground that it did not contain enough to show that the justice had jurisdiction of the person and subject matter of the suit in which he rendered judgment. The return of the justice states that the plaintiff before him appeared and "declared on a judgment rendered before me on the 21st day of June, 1844, in favor of said plaintiff and against said defendants, for debt $42,04, damages 34 cents, costs $1,06." I think such a declaration upon a judgment before the same justice is sufficient, both in form and substance. (*Smith* v. *Mumford,* 9 *Cowen,* 26; 2 *R. S.* 268, § 243.) The statute provides that "when the pleadings are made orally a concise statement of the declaration of the plaintiff, the plea of the defendant, the further pleadings of the parties, if any, and the issue joined," shall be entered in the book of the justice. There is no other evidence required to be preserved of the contents of the declaration than what is contained in the docket. It is not necessary to present any thing by way of a declaration, beyond a simple statement that the plaintiff claims

to recover upon a judgment, identifying it, unless the defendant makes his objection for want of form or substance by demurrer. Pleadings less perfect and quite as brief as the declaration in this case, for more than forty years have been, nearly uniformly, held sufficient in a justice's court, unless greater accuracy has been insisted on by the parties while before the justice. Thus, in the case of *Petrie* v. *Woodworth*, (3 *Caines' Rep.* 219,) a declaration "for damages, on account of the defendant's not fulfilling a contract for a certain lot of lease land, lying in German Flats," was held good. The same principle is recognized in *McNiel* v. *Scoffield*, (3 *John. R.* 436;) *Bowditch* v. *Salisbury*, (9 *id.* 366;) *Keyser* v. *Shufer*, (2 *Cowen*, 437;) *Canfield* v. *Monger*, (12 *John. R.* 347;) *Stolp* v. *Van Cortland*, (3 *Wend.* 492;) *King* v. *Fuller*, (3 *Caines' R.* 152;) *Hasbrouck* v. *Weaver*, (10 *John. R.* 247;) *Ehel* v. *Smith*, (3 *Caines' R.* 187;) *Fitch* v. *Miller*, (13 *Wend.* 66;) *Civill* v. *Wright*, (*id.* 403;) *Whitney* v. *Crim*, (1 *Hill*, 61;) *West* v. *Stanley*, (*id.* 69;) *Chamberlain* v. *Graves*, (2 *id.* 504;) *and in* 3 *Hill*, 187, 609. In *Young* v. *Rummell*, (5 *Hill*, 60,) the declaration was "for moneys due on contract, (lost by fire) damages for non-performance of contract, services rendered, money paid, goods sold and delivered;" held good. I cannot see that there is any distinction in the principle applicable to the declaration, whether it count upon a judgment recovered before a justice or upon any other cause of action. The rules of pleading require that all declarations should be good, as well in form as in substance; but many defects both substantial and formal have been overlooked even in this court, after judgment and when not objected to by demurrer. (2 *R. S.* 601, § 60; *id.* 424, §§ 4, 7, 8.) And in justices' courts, pleadings having no claim to form, and very little to substance, have, in almost every instance where the question has been made, been held good by this court. The reason for such liberality is well given by the court in *Pintard* v. *Tackington*, (10 *John. R.* 104.) "We have never required any technical nicety or form in pleadings in the justice's court; because the pleadings are usually by parol and managed by the parties without the aid of counsel." The same reason

was given in..*Musier* v. *Trumpbour*, (5 *Wend.* 274.) Besides, this court has held declarations upon judgments rendered by a justice of the peace to be good, which were substantially like the one under examination. (*Smith* v. *Mumford*, 9 *Cowen*, 26; *Stiles* v. *Stewart*, 12 *Wend.* 473.) These cases, like the one I am considering, were after judgment, where no objection had been taken before the justice.

The next point made by the defendants in error is, that the evidence did not support the declaration. In the first place, it is said not to have been proved by the docket of the justice that the judgment declared on, was rendered on the 21st day of June, 1844. This portion seems to me unsupported by the facts. Several dates are mentioned in the docket, and it concludes "June 21st, 1844. Judg't. $43,44." I am unable to discover the uncertainty supposed to exist. There is no difficulty in reading from the docket that the summons was issued the 15th of June, 1844, that it was personally served on that day, and that on the 21st day of June the plaintiff appeared, declared, had a trial and obtained a judgment. The statute, (2 *R. S.* 268, § 243,) does not require the justice to make any entries of the time when process is made returnable. I think the fair and reasonable intendment is, that the summons was returnable on the 21st day of June, the day on which the docket showed the plaintiff appeared, and the earliest day it could have regularly been made returnable, except in a case of a short summons.

It is insisted in the next place that the docket was not sufficiently proved. And it is said that proof ought to have been given that the entry was in the hand-writing of the justice. " The docket of a justice is evidence *per se*, when the cause is before himself; just as would be an original record in a court to which it belongs." (*Smith* v. *Frost*, 5 *Hill*, 431.) The evidence given of the fact that the magistrate was such, and that the docket produced by himself was his docket, was wholly unnecessary, but it is no ground of error.

Again, it is insisted that the evidence contained in the docket is not sufficient to show that the justice had jurisdiction of the defendants in the suit in which that judgment was given. That

objection is, I think, removed by the decision in the case of *Bromley and others* v. *Smith*, (2 *Hill*, 517.) A statement in the docket that the summons had been returned personally served, even where the time of service was not stated, is sufficient, where the objection is taken in a collateral action.

Upon the whole I think there was no error in the justice's judgment, and that it should be affirmed, and the one rendered by the common pleas reversed.

Judgment accordingly.