## ROSS *vs.* HAMILTON.

Great latitude is allowed in pleadings before justices of the peace; and courts construe them liberally.

The office of an appeal to the common pleas, from a judgment rendered by a justice, is to try the cause upon the merits; and the common pleas is restricted to the issue or issues of law framed in the court below, and appearing upon the record.

Where, upon the trial of a cause before a justice, the plaintiff omits to reply to the defendant's plea, or to demur to it, he will not be permitted, on appeal to the common pleas, to object to the form of the plea.

Where a defendant in a suit before a justice pleads his discharge under the bankrupt act, in bar, and the plaintiff goes to trial without replying to the plea, he cannot, on appeal to the common pleas, be permitted to prove a new promise, subsequent to the discharge.

ERROR to the Steuben common pleas.   Hamilton sued Ross before a justice of the peace, and declared upon a promissory note made by the defendant to David Bunn or bearer, April 12, 1841, for $20, payable 1st January, 1842, with interest.   The defendant pleaded the general issue; "also that the defendant by due course of law applied for and obtained the discharge copy of which is annexed in substance upon full compliance with the law of the United States in all respects and the rules and practice of the court that granted the same," annexing a copy of the discharge certified by the clerk of the district court of the United States for the northern district of New-York, granted April 6, 1843.   No answer by way of demurrer or replication was made by the plaintiff, and the parties tried the cause before the justice upon the pleadings as they were, and a judgment was given for the plaintiff.   The cause was carried by appeal to the common pleas of Steuben county.   On the trial in the common pleas, the execution of the note was admitted, and the defendant was allowed by the court to read the discharge in evidence; the plaintiff objecting, on the grounds that the plea did not aver that the plaintiff's demand was not of a fiduciary character, and did not set forth specifically the facts, circumstances, and acts requisite by law to confer juris-

diction upon the court by which said certificate of discharge purported to have been granted. The plaintiff then called Charles Hamilton as a witness, to prove a promise by the defendant to pay the note in question subsequent to the discharge, to which the defendant objected on the ground that the plaintiff having neglected to reply to the plea of discharge, there was no issue between the parties under which it was admissible. The court overruled the objection, and the defendant excepted. The witness testified that he met the defendant in the spring or summer of 1843, in the highway, and informed him that the plaintiff had left a note against him for collection; that he asked him to pay it; he hesitated, and the witness asked him if he had cows or young stock to let the plaintiff have: he replied he had none to spare then, but said, "hold on a spell until I get a little regulated and I will pay it. I have a good deal of business to settle up." The witness thought something was said about the demand's being the Bunn note, but was not positive, and that in the conversation something was said by the defendant about what he would do when he got able to pay; of which his recollection was not distinct enough to give the substance. ·The defendant called upon the court to decide the cause by ruling that the promise was a conditional one, to pay when he could, and that there was no proof that the defendant could or was able to pay. The court refused so to rule, and charged the jury that if they were satisfied from the evidence that the defendant had promised unconditionally to pay the note, subsequent to the discharge, the plaintiff should recover. That if they found that the defendant had promised to pay after he had settled some other business, they must also be satisfied that he had had reasonable time, after the promise and before the commencement of the suit, to settle that business, or the plaintiff could not recover. That if they found from the evidence that the defendant promised to pay when he had the means or ability to do so, the promise was conditional and the plaintiff could not recover without showing the defendant's ability to pay, which in this case he had not attempted to do. The defendant excepted

Ross *v.* Hamilton.

to the ruling, and to the paragraph in the charge preceding the last. The jury found a verdict for the plaintiff, and the common pleas rendered judgment in his favor.

*E. & G. E. Quin,* for the plaintiff in error.

*H. W. Jackson,* for the defendant in error.

*By the Court,* MOREHOUSE, J. Tested by technical rules it is quite clear that the defendant's plea of discharge as a bankrupt, before the justice, did not contain all that was necessary to make it good in form or substance. It was sufficient for the substantial purpose of apprizing the party of the real ground of defence; and it appears he was satisfied with its import, because he interposed no demurrer calling for greater accuracy or precision. Great latitude is allowed in proceedings before justices of the peace; and courts construe them liberally. (*Chamberlin* v. *Graves,* 2 *Hill,* 504. *Whitney* v. *Crim,* 1 *Id.* 61. *West* v. *Stanley, Id.* 49. *Fitch* v. *Miller,* 13 *Wend.* 66. *Young* v. *Rummel,* 5 *Hill,* 60.)

The office of an appeal is to try the cause upon its merits, and the common pleas are restricted to the issue or issues of law or fact framed in the court below and appearing upon the record. There was in this case a plea of the general issue to the plaintiff's declaration and a plea of discharge under the bankrupt act. To this plea there was no formal replication; none was required by the defendant, by asking before the justice, judgment on the ground that it was not answered. He was content to consider the cause at issue, and is concluded by it. He introduced his discharge as proof of it, and on that decision for the first time the plaintiff attempts to raise an issue of law upon the defects and insufficiency of the defendant's plea. No objection is made that preliminary or other proof was necessary, or that, when allowed by the court, it did not establish the defendant's plea. I think it was too late to take exceptions to the form of the plea. (*Dean* v. *Gridley,* 10 *Wend.* 254. *Malone* v. *Clark,* 2 *Hill,* 659. *Wood* v. *Randall,* 5 *Id.* 264. *Jones*

v. *Thompson*, 6 *Id.* 621. *Stephens* v. *Baird*, 9 *Cowen*, 274.) The plaintiff here offered to prove a new promise, subsequent to the discharge, which evidence was objected to, but admitted by the court. The new promise in such case is the basis of the action, but it is well established that the plaintiff may declare upon the original promise and insist on the new one by way of replication. (*Depuy* v. *Swart*, 3 *Wend.* 141. *Wait* v. *Morris*, 6 *Id.* 394. *Fitzgerald* v. *Alexander*, 19 *Id.* 402. *Shipley* v. *Henderson*, 14 *John.* 178.) He did not reply a new promise; and it would be preposterous to assume that an issue was pending between the parties to determine whether a contract had been made between them founded upon equity and good conscience, to pay a note extinguished in law, and having no valid existence but as furnishing the consideration for such contract.

This view of the case renders an examination of the proof, and the charge of the court, unnecessary.

The judgment of the Steuben common pleas must be reversed, and a venire de novo awarded.

---

SAME TERM:     *Before the same Justices.*