*117
 
 Beonson, J.
 

 Although the declaration would have been bad' on demurrer-, for not alleging that the plaintiff owned the property, it was quite as formal as pleadings usually are in justices’ courts ; and as no objection to the declaration was made before the justice, and the plaintiff proved a good cause of action of the kind mentioned in the pleadings, the common pleas was wrong in reversing the judgment.
 
 (Goff
 
 v.
 
 Griswold,
 
 1
 
 Denio,
 
 432;
 
 Stafford
 
 v.
 
 Williams,
 
 4
 
 id.
 
 182.) The declaration was none the worse for being in writing; nor is it important that the defendant did not appear.
 
 (Stafford
 
 v. Williams,
 
 supra.)
 

 The defendant said he had made a levy on the property, showed the execution by virtue of which he acted, and insisted on the levy. There was sufficient evidence that he had exercised such dominion over the property as would make him a trespasser : and it was for him to justify the act, if he could, by showing that he was an officer, and had lawful authority to take the property.
 

 The witness told whom the execution which the defendant showed him was against. That was hardly proving the contents of the execution by parol. And besides, it is impossible that the defendant should have been injured by the evidence; for whoever the execution may have been against, it was the business of the defendant to produce the process, and show a right to take this property under it.
 

 We see no legal objection to the proceedings before the justice. The error of the common pleas has been corrected by the sunreme court.
 

 Judgment affirmed.1