# CASES

## ARGUED AND DETERMINED,

### IN THE

# SUPREME COURT OF MINNESOTA.

## IN JULY TERM, 1851.

---

STEPHEN DESNOYER, Plaintiff in Error, *v.* TIMOTHY L. HEREUX, Defendant in Error.

Where the Court undertakes to instruct the Jury as to the law arising from a view of all the facts before them—all those facts, as detailed by each witness, should be incorporated in the Bill of Exceptions, whenever the ruling of the Court is excepted to.

The term "pleadings," has a technical and well-defined meaning. They are the written allegations of what is affirmed on the one side, or denied on the other, disclosing to the Court or Jury having to try the cause, the real matter in dispute between the parties.

Such pleadings must be filed under the 7th Sec. of the 4th Art. of the Act of this Territory, "concerning Justices," when required by the plaintiff, or defendant, or the Justice.

It is error in a Judge, to instruct a Jury that they may disregard the declaration, if the evidence were such as to warrant a recovery; and that the right of the plaintiff could not be affected by the declaration on file.

RICE, HOLLINSHEAD & BECKER, for Plaintiff in Error.

JACOB J. NOAH, for Defendant in Error.

*By the Court*—MEEKER, J. This cause originated in a Justice's Court, where the plaintiff, (who is defendant in error,) on the return of process against the defendant, (the plaintiff in error,) appeared and filed his declaration in covenant. The

2

Justice tried the cause, and gave a judgment against the defendant for $50.

From this judgment the defendant appealed to the District Court of Ramsey County, into which the Justice returned a transcript of all the proceedings had before him; and at the September term of 1850, the cause was tried before the Hon. AARON GOODRICH, Judge, and a jury, after having been charged by the Court, returned with their verdict in favor of the plaintiff; upon which judgment was rendered for $40; and now the judgment is brought by Desnoyer before this Court by writ of error, for review and reversal.

The Bill of Exceptions, which must be our chief guide in forming our conclusions as to the correctness or errors in the proceedings in the Court below, is singularly barren as to the record of the evidence adduced at the trial, and upon which the Judge must have based his instructions.

Indeed, if it contains any portion of the testimony that went to the jury, besides mere declarations and inferences, it is altogether irrelevant and immaterial. Without undertaking to lay down any rule that would apply under all circumstances, it is thought proper here, to state, that in cases where, as in the one now under consideration, the Court undertakes to instruct the jury as to the law arising from a view of all the facts before them— *all those* facts, as detailed by each witness, should be incorporated in the bill, whenever the ruling of the Court is excepted to. For *otherwise*, if the instructions themselves are abstractly correct, a Court of Review will presume they were properly given; and that there was sufficient evidence to base them upon, although, by neglect or carelessness, it is not to be found on the record before them. Following this view of the case, it is obvious, that the judgment of the District Court must be affirmed, unless there are errors that might have misled the jury apparent on the face of the instructions in the Bill of Exceptions.

We shall pass by those asked for by the counsel for the defendant, because, if they were not properly refused, the law arising theron is less important, (involving no principle not already familiar,) and proceed at once to the consideration of some of those given by the Court, and which must have had a controlling influence on the minds of the jury in the formation

Desnoyer *v.* Hereux.

·of their verdict; as, from the view we have taken of *these*, the cause will have to be reversed and remanded. They are the following :—

"If the evidence offered by the plaintiff would warrant a recovery, they would find for the plaintiff, without reference to the declaration."

"That his right could not be affected by the declaration on file in this case."

These two instructions will be treated as forming but one proposition, and will involve, to some extent, the construction of the 7th Sec. of the 4th Art. of the Act of this Territory, " Concerning Justices."

That act requires that "pleadings" shall be put in before such magistrates, when required by them, or the opposite party. .

The term "*pleadings*," has a technical and well-defined meaning; and when it occurs in our laws, the profession are at no loss to comprehend its purport.

They are the written allegations of what is affirmed on the one side, or denied on the other; disclosing to the Court or Jury, who have to try the cause, the real matters in dispute between the parties.

Now, although the practice before Justices should be liberal, and proceedings had before them viewed with indulgence by superior courts; yet, when they require the parties to plead on the return of process, or when this is required by the plaintiff or defendant, as allowed by the statute, it would be strange indeed, if the issue thus made up in writing, could be departed from or abandoned, at pleasure. *Such* a liberal practice before Justices, would admit evidence of trespass *vi et armis;* or, assault and battery, under an issue *in writing*, showing a claim of debt or covenant.

In the 13th Art. and 5th Sec. of the same Act, in its provisions to regulate appeals from Justices' Courts, it provides, that the "Issue before the Justice shall be tried before the Court above, (District Court,) without other or further new declaration or pleadings, except in such cases as shall be otherwise directed by the Court."

The mode of proceeding with appeals from Justices' Courts, in the District Courts, is thus made very plain. They *shall* be tried without other or further new declaration or pleading, except in such cases as shall be otherwise directed by the Court; or, in other words, they *shall* be tried there on the same declaration or pleadings on which the cause was tried before the Justice, unless the Court directs new or additional ones. The statute appears to be imperative in requiring the District Courts to try the cause upon the same pleadings, where they have not been altered or supplied by others. When the Court, however, with a view to perfect or change the pleadings, directs, or permits, the declaration filed before the Justice to be amended, or a new one to be substituted, or pleas to be filed, as was done in the District Court of Ramsey in this case, the Court, Jury and parties are just as much restrained by the declaration, and other pleadings, thus re-modeled and created, as they would be in any suit originally commenced in the District Court. The parties must comply with the written issue in their proof, as in other cases. *See* 3 *Monroe, p.* 382. *Davis vs. Young.*

The instructions therefore of the Judge, that the Jury might disregard the declaration in this cause, if the evidence were such as to warrant a recovery, and that his right could not be affected by the declaration on file in this cause, were erroneous.

It is therefore considered by the Court, that the judgment be *reversed*, and the cause remanded to the District Court of Ramsey, with directions to award a *venire facias de novo*, which is ordered to be certified accordingly.

Goodrich, Chief Justice, dissenting.

This case was brought to the District Court for the County of Ramsey from the judgment of a Justice of the Peace. The Jury in the District Court, after hearing the evidence and the charge of the Court, found for the plaintiff below a verdict of $40; for the reversal of which, this cause is brought to this Court on Error.

The Court charged the Jury,—"That plaintiff must prove performance of the contract on his part; or that he was ready and willing to do so. Or that he was prevented

by the defendant from such performance. That if plaintiff had failed in his declaration to aver an excuse for the non-performance of the contract on his part, he might set up such excuse in evidence before the Jury. That if plaintiff had failed to assign as a breach of the covenant on the part of the defendant, the bad quality of the lumber furnished by defendant, he might introduce evidence to show the bad quality of such lumber. That this was an appeal from a Justice of the Peace—that declarations need not be filed in Justices' Courts.

" That if the evidence offered by plaintiff, would warrant a recovery, they would find for the plaintiff, without reference to the declaration.

" That if plaintiff had failed to *prove* material facts touching his right to recover, he *must fail.* That his right could not be affected by the declaration now on file in this cause."

The Judge, who presided in the Court below on the trial of this cause, felt a deep solicitude that a *liberal* practice should obtain on the trial of all causes before Justices of the Peace ; and that whenever such causes came to the District Court, the attainment of justice should be regarded as *paramount* to a strict adherence to the rigid technicalities of Courts of Record. The finding of the Jury was *fully sustained by the evidence offered on the trial below.*

Is there error in the charge of the Court?

I think not.

The Supreme Court of the State of New York has uniformly held, that " The same nicety and precision is not required in pleadings joined in a Justice's Court, which are required in Courts of Record ; and evidence will be received under pleadings joined in the former, which would not be received under pleadings joined in the latter. *Mosier vs. Trumpbour,* 5 *Wendell,* 274.

Technical nicety, or legal precision, is not required in pleadings in Justices' Courts.

Whenever the Supreme Court can possibly infer that the merits have been fairly tried, they will not examine or test, by technical rules, the formality of the pleadings ; and if it clear-

ly appear that the plaintiff had no right to recover, the Court will reverse a judgment, though a jury find a verdict for the plaintiff. *Stuart vs. Close*, 1 *Wendell*, 434.

Special pleading in a Justice's Court is to be discountenanced. *Cline vs. Husted*, 3 *Cai. Reports*, 275.

Many cases similar to those above cited, may be found in the Reports of the State of New York. These decisions were made under statutes less liberal than those governing similar proceedings in our own Territory. The Legislature of New York declared that the pleadings in the Common Pleas shall be the same which were had before the Justice—that they shall be liberally construed, without regard to established forms or technical rules of pleadings, and with a view to substantial justice between the parties.

The 6th Sec. of the 13th Art., Chap. 6, of the Laws of Minnesota, declares that the issue before the Justice shall be tried by the Court above, without other or further new declaration or pleadings, except in such cases as shall be otherwise directed by the Court.

And in the 4th, 7th and 8th Sections of Chap. 50, of the Laws of Minnesota, I find the following liberal enactments, which *are in full force and effect*, and to which I invoke the attention of this Court.

"After judgment rendered in any cause, any defect or imperfection in matter of form, contained in the record, pleadings, proofs, entries, returns, or other proceedings in such cause, may be rectified and amended by the Court in affirmance of the judgment, so that such judgment shall not be reversed or annulled; and any variance in the record from any process, pleadings, or proceedings had in such cause, shall be reformed and amended according to such original process, pleading, or proceeding."

"For the want of any allegation or averment, on account of which omission a special demurrer could have been maintained."

"For omitting any allegation on account of any matter, without proving which, the Jury ought not to have given such verdict. For the want of right venue, if the cause was tried

Desnoyer v. Hereux.

by a jury of the proper county.  The omissions, imperfections, defects and variances, in the preceding section enumerated, and all others of the like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties on the trial, shall be supplied and amended by the Court into which such judgment shall be removed by Writ of Error."

In view of the *liberal* stand taken by the last Legislative Assembly of this Territory, and of the *important* reforms in our system of pleading and practice, which will be in force in a few weeks from this time; and of the manifest *hardships* which must result from a rigid and harsh construction of our statutes, I feel constrained to dissent from the opinion of the Court in this case.

This, I exceedingly regret.  Yet when I reflect that Minnesota is now in its infancy; that its jurisprudence may be seriously affected by the strict construction and rigid adherence to ancient forms and technicalities recognized by this Court, and in view of the *great legal reforms* going on in Europe and America, I am admonished by evidence not to be mistaken, that the time has arrived in which laws are to be made and administered for the furtherance of substantial justice.

It is now too late for the defendant below, to object to the declaration.  He has pleaded to the merits, thereby waving such defects as might have been reached by demurrer.  As the finding of the Jury is fully sustained by the evidence, it is the duty of this Court to affirm the judgment of the Court below.