## THOMAS I. MADGE, RESPONDENT, v. VICTOR PUIG, IMPLEADED, ETC., APPELLANT.

*Action by one partner against another — when sustained.*

This action was brought by the plaintiff upon an agreement entered into between him and the defendants for the transaction of certain business relating to the fruit trade; the complaint, alleging the breach of several covenants of the defendants' contained therein, each breach being separately numbered and set out as a separate cause of action. An order of arrest was granted against the appellant on the complaint, and affidavits stating that the plaintiff had been induced to enter into the contract by the fraudulent representation of the appellant. On appeal from an order denying a motion to vacate the order, *held*

(1) That the complaint stated but a single cause of action. (BRADY, J., dissenting.)

(2) That even if the relation of partners was created between the parties by the agreement, yet as the action was brought to recover for the breach of certain specific covenants of the appellant contained therein, it could be maintained; and as the agreement was procured through fraud, an order of arrest was properly granted therein. (Per DAVIS, P. J., and DANIELS, J.)

APPEAL from an order of the Special Term denying a motion to vacate an order of arrest.

*T. H. Coudert,* for the appellant. The agreement between the parties is clearly an agreement of copartnership. In actions between partners, neither can be arrested at the suit of the other. If the partnership capital be misappropriated, no remedy is furnished in an action at law, unless a balance be struck and a promise to pay given. (*Smith* v. *Small,* 54 Barb., 223; *Cary* v. *Williams,* 1 Duer, 667; *Neville* v. *Neville,* 22 How., 500; *Rolfe* v. *Delmar,* 7 Rob., 80; *De Groot* v. *Van Duzer,* 20 Wend., 390.)

*Stephen H. Olin,* for the respondent. On the facts presented in the case at bar, one partner could maintain an action of assumpsit against his copartner. (*Williams* v. *Henshaw,* 11 Pick., 79; Collyer on Partnership, § 269; *Venny* v. *Leckie,* 13 East, 7; *Gale* v. *Leckie,* 2 Stark., 107; *Rockwell* v. *Wilder,* 4 Met., 556.) Whenever there is an express stipulation in the partnership articles which is violated by any partner, an action at law in covenant or assumpsit, as the case may require, will ordinarily lie to recover damages for the breach thereof. (Story on Partnership, §§ 218, 224; *Leighton*

v. *Wales,* 3 M. & W., 545; *Bagley* v. *Smith,* 10 N. Y., 489; *Mullany* v. *Keenan,* 10 Iowa, 224.) Covenant, and not account, is the proper action for the breach of a contract of partnership in wrongfully dissolving the partnership, and for wrongful acts tending thereto. (*Addams* v. *Tutton,* 39 Penn., 447; *Holyoke* v. *Mayo,* 50 Me., 385; Parsons on Partnership, 275, note, and cases cited, 276, 277, and cases cited.) If no matter of account is involved, and the money will not, when recovered, belong to the firm. there is no objection to the action upon the ground of the partnership relation between the parties. (*Howard* v. *France,* 43 N. Y., 593–596; *Crater* v. *Bininger,* 45 id., 545.) The court has jurisdiction to entertain a suit at law brought by one partner against one of his copartners for damages when the action involves an inquiry only with respect to the damages which the plaintiff has sustained because of an alleged breach of the partnership agreement by the defendant. (*Wills* v. *Simmonds,* 8 Hun, 189.) And, generally, an action may be brought for damages sustained by any breach of an express stipulation with copartners, if it is so framed as to admit of an action by some, or one only of the partners against the partner complained of, and the damages, when recovered, will not belong so much to himself as to the plaintiff. (Lindley on Partnership, 908, 911; *Brown* v. *Tapscott,* 6 M. & W., 119; *Wills* v. *Simmonds,* 8 Hun, 189; *Glover* v. *Tuck,* 24 Wend., 153; *Townsend* v. *Goewey,* 19 id., 424.) In an action on contract, an order of arrest will be granted for fraud in incurring the obligation. Orders of arrest are granted under this subdivision in actions on promissory notes (*Brown* v. *Ashbough,* 40 How. Pr., 226), in actions to recover price of bills of exchange (*Morrison* v. *Garner,* 7 Abb. Pr., 425), in actions on bills of exchange (*Roebling* v. *Duncan,* 8 Hun, 582), actions for money had and received (*Lowell* v. *Martin,* 11 Abb. Pr., 126), and actions for goods sold and delivered. (*Manning* v. *Solis,* 50 Barb., 224; *Scudder* v. *Barnes,* 16 How. Pr., 534; *Reid* v. *Martin,* 4 Hun, 590; *Evans* v. *Holmes,* 46 How. Pr., 515; *Hathaway* v. *Johnson,* 59 N. Y., 93; *Muklan* v. *Doty,* 20 How. Pr., 236.)

DAVIS, P. J.:

The affidavits upon which the order of arrest was granted establish that the plaintiff was induced to enter into the contract upon

which the action was brought, by the fraudulent representations of the defendant Puig. The facts stated in these affidavits are not denied; they must, for the purposes of this motion, be assumed to be true. Subdivision 4 of section 179 of the Code of Procedure provides that a defendant may be arrested when he has been guilty of a fraud, in contracting a debt or incurring an obligation for which the action was brought. The fraud being established by which the plaintiff was induced to enter into the obligation on which this action is brought, the only remaining question is, whether the contract is of such a character that an action will lie at the suit of the plaintiff for its breach by the defendant.

It is claimed that the contract upon which the action is brought, a copy of which is annexed to the complaint used on the motion below, is one which constitutes the plaintiff and defendant partners, and that because that relation existed between them, no action can be maintained by one against the other for any cause growing out of the partnership relation, or which requires an accounting to ascertain the respective rights and liabilities of the parties. It may be assumed, and we think correctly, that the contract made between these parties, constitutes them partners in respect of the business contemplated to be carried on under it, but it contains stipulations to be performed by the several parties for the benefit of the other for the breach of which an action will lie. For their proportion of what may be called the capital stock of the partnership, the defendants expressly stipulated by the instrument, to do and perform certain things, and not to do and perform certain other things, and the plaintiff on his part stipulated to do and perform certain things which he alleges he has fully performed. But he alleges also that the defendants have been guilty of various breaches of the contract on their part, in not doing and performing the several things stipulated to be done by them by the terms of the agreement, and in doing certain other things which they stipulated not to do.

In *Glover* v. *Tuck* (24 Wend., 153 and 158), Cowen, J., says "the objection that the articles of agreement between the plaintiff and defendant constitute a partnership, in consequence of which the plaintiff's remedy lies in a court of equity, is thus answered by Collyer on Partnership, 132 (Amer. ed.), 139. One partner may maintain an action of covenant against his co-partner, whether the

covenant be to pay any sum, or do any action for the purpose of only launching the partnership, or whether it be to perform any of the articles after the partnership has commenced. An action of covenant will lie, although there may be accounts between the parties which require unraveling in equity, and where the partnership covenants have not been infringed for any length of time, the action of covenant is the proper remedy." * * *

" I have examined," says the learned judge, " the leading cases cited by him (Collyer), and find that his doctrine is clearly sustained by the English authorities, and there is no case in this State, I apprehend, which trenches upon it in the least." (See *Townsend* v. *Goewey*, 19 Wend., 424; *Musier* v. *Trumpbour*, 5 Wend., 274, and other cases cited in *Glover* v. *Tuck*.)

In *Bagley* v. *Smith* (10 N. Y., 489) it was held that an action would lie upon a covenant contained in partnership articles, and in *Wills* v. *Simmonds* (8 Hun, 189) this court held, that although the partnership relation may exist between the parties, the court has jurisdiction to entertain a suit at law, brought by one against another partner, where the action involved an inquiry only with respect to the damages that the plaintiffs sustained, because of an alleged breach of the copartnership agreement by the defendant.

In *Paine* v. *Thatcher* (25 Wend., 450) the court held that an action would lie by one partner against another, upon an express promise to pay a certain share out of his partnership profits for extra services.

These cases establish, as we think, with clearness, the right of the plaintiff in this case to maintain an action for any breach, on the part of the defendant, of the contract, which it is claimed established the partnership relation, and if it be established satisfactorily that the plaintiff was induced to enter into the contract with the defendants by fraud, we see no reason why an order of arrest may not be granted in an action for such damage.

The only embarrassment in the case grows out of the form of pleading. The complaint is drawn in accordance with the modern nonsensical way of chopping the pleadings into paragraphs, and for some purpose, known only to the pleader, numbering the paragraphs separately, either as separate causes of action, or as independent portions of the complaint. But when we look at this complaint,

and read it, and construe it favorably to the plaintiff, as we are required to do, for the purpose of preventing a failure of justice, we find it to be substantially an action based upon a contract thereto annexed *in hæc verba*, averring, as though they were several and distinct causes of action, divers breaches alleged to have been committed by the defendants. For instance, in paragraph No. 4, which the pleader calls his first cause of action, the breach alleged is that the defendants agreed to ship a certain quality of fruit, but in violation shipped small, inferior and unmerchantable fruit, for which the plaintiff was unable to find a profitable sale, to the damage of the plaintiff of $10,000. In paragraph 5, called the second cause of action, that the defendants, in violation of their agreement to charge only the actual cost of the fruit, and the expense of putting it on board, etc., actually charged a greater sum, and thereby induced the plaintiff to pay to the defendants a large amount, to his damage of $8,000. And the sixth paragraph, called the third cause of action, alleges that the defendants wholly failed and neglected to load certain vessels which they agreed by the contract to load and ship to the plaintiff, whereby the plaintiff was compelled to pay, and did pay for the service of such vessels, a large sum of money. All these allegations are several breaches of one contract upon which the action is brought, and although they are in some sense distinct causes of action, because they are for breaches of different portions of the contract, they nevertheless are to be regarded as mere specifications of the particulars in which the plaintiff alleges the defendants have broken the contract. Within the principle of the cases above cited, an action for such breaches will lie because they are violations of express contract of the defendants to do and perform certain specified things for the benefit of the plaintiff which formed the consideration of his undertaking, to do and perform certain other things for the benefit of the defendants.

It may be that some parts of these alleged breaches, or rather of the damages sustained by them, will be excluded upon the trial of this action, as being matters which can only be reached in the form of an equitable action for an accounting, but that fact, if it be one, does not prevent the maintaining of an action for the breach, and the recovery of legitimate damages growing out of such breach. We do not, therefore, see any difficulty in holding that the plaintiff

has a right to maintain this action for the damages sustained by the breach of the agreement, and to maintain his right to arrest the defendant Puig, because of the latter's frauds, which induced the plaintiff to enter into the agreement.

We think the order of the court below should be affirmed, with ten dollars costs besides disbursements.

I concur, for the reason that the plaintiff was induced to enter into the contract by the defendant's fraud, and the several claims made are simply losses originating in and proceeding from the fraud. For them he was liable to arrest, even if the relation of the parties under the agreement was that of partners.

CHARLES DANIELS.

BRADY, J. (dissenting):

Assuming that the defendant could be arrested for the fraudulent representations as to the price of the stock purchased for joint account, the order of arrest could not be maintained because the complaint contains causes of action, separately stated, and on which the plaintiff might recover, but upon which no order of arrest could be granted.

The first cause of action, set forth as follows, shows this to be a correct statement of this feature of the action as presented by the complainant:

"IV. And for a first cause of action, the plaintiff, repeating all the allegations herein before contained, shows that at various times between the 14th day of March, 1876, and the 22d day of May, 1876, the defendant did send to the plaintiff, in accordance with the said agreement, sixteen cargoes of fruit, but the plaintiff shows and alleges that the said fruit was not as good fruit as any that was shipped from Baracoa, but, on the contrary, was small, inferior and unmerchantable fruit, for which the plaintiff was unable to find any profitable sale, to his damage $10,000."

If there is a union of causes of action, for any one of which the defendant could not be arrested, the order of arrest cannot be sustained. It must relate to the whole of the causes of action set out. For this reason, without considering any of the other questions, we think the order appealed from should be reversed.

Order affirmed with ten dollars costs and disbursements.