## Kline *against* Husted.

IN error on *certiorari*, in this, and two other causes, the following points were relied on. 1st. That the action being trover, and the defendant having justified by pleading a right of entry, under a lease for rent-arrear, in consequence of which, he entered, distrained, and sold, (as it was lawful for him to do,) the justice ruled the plea to be equivalent to the general issue, and proceeded accordingly. 2d. That the court was held on the 12th of the month, and adjourned to the 22d, but the *venire* was tested on the 21st, when the court was not sitting, or, in other words, out of term. 3d. That the *venire* was directed to any constable of the *county*. 4th. That the cause of action appeared on the record to have arisen in the town of *Hillsdale*, and the trial was in that of *Livingston*. 5th. That in the oath, stated to have been administered to the constable, the words " *until they have agreed*," were omitted. 6th. That in one cause, no issue was joined ; for, on pleading the justification, *oyer* of the lease being demanded, and not given, the justice went on and tried the cause, though the defendant abandoned it.

*W. W. Van Ness* for the plaintiff in error. To warrant a *venire*, issue must be joined, for till then, there can be nothing to try. This observation applies to the first and last objections, in neither of which, does the return shew a joinder. Even if we allow the special plea to be equivalent to the general issue, yet, it would not justify the proceedings adopted. On such occasions, a *venire* is not awarded, but the party is driven to his demurrer, on which, alone, the goodness of the plea can be determined. It is not, however, conceded, that the judgment on the plea was correct, notwithstanding the *dictum*, that in trover, only the general issue of not guilty, or a release, can be pleaded. Because the special matter may be given in evidence under the general issue, it does not follow, that such matter may not be specially pleaded. For instance, payment, or infancy may be pleaded ; yet, each may be given, in evi-

*Special pleading in a justice's court is to be discountenanced. If in trover, before a justice, a justification be pleaded, which goes to the merits, and he determine that it amounts to the general issue, whereon a trial is had, in which it does not, from the record, appear that the whole merits were not before the jury, the court will intend that they were, and affirm the judgment below pronounced, on the verdict rendered. All objections to a venire issued by a justice ought to be made before trial.*

dence under the general issue. In trover, the true rule is, you must either traverse or deny the conversion, or confess and avoid it. *Esp. Di.* 595. A variety of cases may be adduced, in which this principle has governed the matter pleaded. In *Thomson* v. *Clerk, Cro. Eliz.* 504, in trover for a conversion of goods, in *Nottingham,* the defendant confessed and avoided, under a judgment in the *Queen's Bench,* and a *fi. fa.* thereon, to the sheriff of *York,* who, at *Wakefield,* in the said county, by virtue thereof, took the goods in execution, and delivered them to him in satisfaction of the judgment. On a general demurrer, the plea was holden ill, not on account of its amounting to the general issue, but because it did not state where the *Queen's Bench* was held, or traverse the taking in *Nottingham ;* and because the sheriff could not, on a *fi. fa.* deliver the goods, but must sell. It is, therefore, to be presumed, that had the plea amounted to a bar, it would have been otherwise. So in *Gomersale* v. *Wayts, Cro. Jac.* 255. a plea, that the goods were taken for distresses under a *distringas,* on a plaint in a court *baron* and sold, was overruled, merely, because, on such a writ, the goods could not be sold. The same principle is found in *Brownlow* v. *Lambert, Cro. Eliz.* 716. From these authorities, it is evident, that matter which confesses and avoids the conversion, may be pleaded, if it be set forth in due form of law. On the second point, we insist, that the *venire* was prematurely awarded. Till the opening of the court, and whilst out of term, as it may be called, the justice had no authority to direct one. The adjournment was, unto the day after the *venire* issued, before which time, the magistrate had no authority

* 2 Vol. 134.

to order it. In *Day* v. *Wilber,** I am aware it has been ruled, that when a party pleads, he waives all objections to the *venire.*†

† 6 Res. Ibid. 136.

But the decision there applies to cases where the exception is taken by the party, at whose request the writ is sued out. The inference, therefore, is, that he who does not pray the writ, may object. The direction also is to an officer who does not exist. There is no such person as a constable of the county. The law knows only constables

of towns ; and though a direction to a wrong officer may be cured, one to a non-existing officer is fatal. This cannot be called a matter of form, and, therefore, not within the act of 1801,§ which, indeed, is no more than an extension of the statute of *jeofails.* The fourth error relied on, speaks for itself ; and the fifth is expressly within the last resolution, in *Day* v. *Wilber*, which settles, that though a justice is not bound to set forth the oath administered to a constable ; yet, if he undertake it, and mis-recite, the judgment must be reversed. On the sixth exception, something has already been said; but the justice was certainly wrong in proceeding to trial, without an issue joined, merely, because *oyer* was refused, when, as the demise was not pleaded with a *profert*, it does not appear to have been by deed ; and if by parol it was not demandable.

*Parker* and *Foote* contra, argued, that all defects in the *venire* and *venue*, were cured by pleading in chief, according to the case of *Day* v. *Wilber;* and, as the decision of the justice upon the special plea, was clear law, it must be intended the jury tried the facts set forth, in the same manner as if they had been adduced in evidence under the general issue ; their verdict is, therefore, conclusive against the justification set up. The oath of the constable, they urged, might be rejected altogether, as mere surplusage.

*W. W. Van Ness* replied, the intendment of trial could not be made, as it was against the record, which stated, that the defendant abandoned the cause.

THOMPSON, J. This case comes before the court on *certiorari.* The exceptions taken to the return, are, 1st. That the proceedings were in the county of *Dutchess*, and the whole cause of action stated to have arisen in the county of *Columbia.* 2d. That there was a special plea put in, and justice went to trial without any replication, or issue being joined. 3d. That the *venire* is defective in being directed to a constable of the county.

The first exception, on examination of the record, does not, in point of fact, appear to be well taken. The action is in trover ; the declaration not very formally, or techni-

cally drawn, and much unnecessary matter introduced. But the plaintiff below, alleges himself to have been in possession of the property, at *North-East Town*, in *Dutchess* county; and that the conversion, which is the *git* of the action, was at the same place. The declaration, I think, states the plaintiff's demand with all necessary certainty, to enable the defendant to answer and defend, which is all that ought to be required in justices' courts.

With respect to the second exception, it is to be observed, that the plea purports to be a plea of justification, and without determining whether such a plea in an action of trover, would be good on demurrer, it is enough, I think, to say, that the whole matter set up in the plea, might have been given in evidence, under the general issue. The defendant was, therefore, under no necessity to interpose a special plea; and all such pleadings, in justices' courts, ought to be discountenanced, as being calculated to mislead magistrates, and involve proceedings in their courts, in all the technical niceties of special pleading. The defendant has, in his plea, detailed the facts which he relied upon in his defence, which amount substantially, to a denial of the plaintiff's right to recover against him. This I think sufficient, without requiring a special replication from the plaintiff. The parties went to trial upon the merits. The defendant was not precluded from any defence he had to make; the whole merits of the case, for any thing that appears on the return, were before the jury, and we must necessarily intend, because nothing to the contrary is shewn, that the defendant below, failed in supporting by proof, the allegations contained in his plea.

With respect to the last exception, if it could have been made in any stage of the proceedings, it comes too late, and does not involve in it an examination of the merits of the case between the parties. The opinion of the court, therefore, is, that the judgment below be affirmed.