Per Curiam.

The 20th section of the “ act to regulate highmays,” (2 R. L. 276.) provides for laying out private roads, and declares, that “ such road, when so laid out, shall be for the use of such applicant or applicants, his or their heirs and assigns ; but not to be converted to any other use or purpose than that of a road: Provided always, that the occupant or owner of the land through which such.road shall be laid out, shall not be prevented making use thereof, as a road, if he shall signify his intention of making use of the same, at the time when the jury or commissioners are to ascertain the damages sustained by laying out such road.” According to the true construction of this section, the plaintiff below must be deemed to have the sole and exclusive right to use the road as" a private way. It was laid out upon his application; the defendant disclaimed all intention of using it, and the damages must he presumed to have been assessed accordingly. The plaintiff is solely charged with the expenses of repairing the road; and the use of it by the,defendant’s waggons was an injury, for which the law affords a remedy. The most appropriate action would have been trespass on the case; but the right of objection was waived by the defendant, by his joining issue, and consenting to go to trial on the merits, after being fully apprized of the grounds of the plaintiff’s ¡claim. The judgment must be affirmed.
Judgment affirmed.