ALBANY,
Oct. 1828.

Stuart
v.
Close.

## STUART *vs.* CLOSE.

Technical nicety or legal precision is not required in the pleadings in justices' courts. Whenever the S. C. can possibly intend that the merits have been fairly tried, they will not examine or test by technical rules the formality of the pleadings. And if it clearly appear that the plaintiff had no right to recover, the court will reverse a judgment, tho' a jury find a verdict for the plaintiff. Thus where, in an action commenced

ERROR from the Broome common pleas.  Close sued Stuart before a justice of the peace, and exhibited an account for work and labor, &c.  Stuart pleaded, first, the general issue ; and secondly, a special plea of a former suit for the same cause of action, a judgment recovered and money collected and paid.  Close replied, that the judgment mentioned in the plea had been reversed on certiorari.  Stuart rejoined, that the money paid had not been recovered back on the reversal of the judgment.  Close demurred, and Stuart joined in demurrer.  The cause was tried by a jury, who found a verdict for Close, for $26 23.  Stuart appealed to the Broome common pleas, where the cause was again tried on the pleadings in the court below, in December, 1821. Close proved the several items of his account.  Stuart introduced a witness, who testified, that on the joining of the issue, in the suit before the justice, it was admitted by the parties, that the judgment mentioned in Stuart's plea was

in a justice's court, removed into a common pleas by appeal, the defendant plead a former suit for the same cause of action, a judgment rendered, collected and paid ; to which the plaintiff replied, that the judgment mentioned in the plea had been reversed on certiorari ; the defendant rejoined, that the money paid had not been recovered back on the reversal of the judgment ; the plaintiff demurred, and the defendant joined in demurrer ; *it was held,* that the plea was substantially a plea of payment ; that the payment under the judgment was a satisfaction, whether the judgment was reversed or not, provided that the defendant elected not to call on the plaintiff, after the reversal of the judgment, to restore the money, and directed it to be retained as a payment of the plaintiff's demand ; and that the defendant could not afterwards rightfully call on the plaintiff to restore the identical money which he had thus applied.  Upon these principles, a judgment rendered on a verdict for the plaintiff, on an issue of fact, was reversed, the defendant being entitled to judgment on the issue of law, the plea interposed by him going to the whole cause of action.

paid by Stuart, that subsequently it was reversed on certiorari, but that neither the damages or costs of such reversal had been paid by Close. The court charged the jury that they were to decide the cause as if there had been no previous trial; that the plaintiff had a right within the time limited by statute, after the reversal of his judgment, to commence a new action for his original demand. The defendant below excepted to the charge of the court. The jury found a verdict for the plaintiff for $26,49, on which judgment was entered.

*J. C. Spencer,* for plaintiff in error. The judgment in the court below is erroneous. The issue of law remaining undisposed of, and the defendant below being entitled to judgment in his favor on the demurrer.

*J. A. Collier,* for defendant. The only exception taken in the court below is to the charge of the court, which is correct as far as it goes. If the party had desired the instructions of the court to the jury on any particular point, he should have directed their attention to it. The payment of the money on the first judgment was no bar to the plaintiff's right of recovery in the court below. The defendant had a judgment against the plaintiff for both damages and costs, which he might and still may enforce by execution ; or he might have set off his judgment against the plaintiff's demand. Had judgment been rendered for the defendant on his plea, it would have been a final bar to the plaintiff's demand ; and yet the defendant could have issued his execution and collected the money adjudged to him upon the reversal of the first judgment.

*By the Court,* WOODWORTH, J. Several objections were made, in the course of the trial, to the admission of evidence ; but no exception appears to have been taken, except to the charge of the court, who directed the jury they were to decide the cause as if there had been no previous trial, and that the plaintiff had a right, within the time limited by statute, after the reversal of his judgment, to commence a new action for his original demand.

It does not apppar, that either the justice or the court of common pleas took any particular notice of the issue in law arising on the demurrer ; but having rendered judgment for the plaintiff below, it necessarily follows that such judgment disposed of the demurrer, and that, in the opinion of the court, it interposed no bar to the right of recovery. Whether in this they decided correctly, is the only material question arising in this cause. The charge of the court is silent as to the effect of the demurrer. The trial by the jury must be considered as a trial of the issue in fact merely ; and, in that point of view, I do not perceive any thing objectionable. It is a well settled rule, that a bill of exceptions is not well taken, to a charge which is entirely correct as far as it proceeds, although it may omit matter upon which it would have been proper to charge the jury ; and particularly so, when the court are not called on by the counsel to supply such omission. In this case, the issue in fact was tried before any decision on the issue in law. On the pleadings, the only question before the jury was, whether the defendant was indebted to the plaintiff, as stated in the declaration. They found for the plaintiff. (This verdict, however, can be considered only as assessing contingent damages. If the plaintiff was entitled to judgment on the demurrer, then indeed judgment ought to be rendered in his favor on the whole case ; but if the defendant was entitled to judgment on the issue in law, it would defeat the whole cause of action, and notwithstanding the verdict, judgment ought to be rendered for the defendant.) The court below gave judgment for the plaintiff. If they erred, it is here a proper subject of review ; because, on a writ of error, the court will examine both the record and bill of exceptions, and if substantial error appears in either, the judgment ought to be reversed.

We are, then to decide on the defence interposed by the defendant in his second plea. In doing this, it is scarcely necessary to remark, that as this cause was commenced before a justice, the proceedings, as far as respects regularity and form, will be reviewed with liberality. This has been uniformly decided. Technical nicety, or legal precision, is not required in the pleadings ; but it will be sufficient, if there

appear a good ground of action within the justice's jurisdiction, and that the merits of the cause have been tried. (*Johns. Digest*, 138, *and the cases there cited.*) So, also, it has been held, that the joining a formal issue is not material ; and that special pleading in a justice's court is to be discountenanced. (3 *Caines*, 275, 174.) In the last case, the court observed, "Whenever we can possibly intend from the record, that the merits were fairly tried, we will not examine or test, by technical rules, the formality of the pleadings." (1 *Johns. C.* 333.) The same principles obviously apply, if there appear a good ground of defence. Both parties are within the protection of this salutary rule. The cause, when removed to the common pleas, is tried on the issues joined in the court below ; we must, therefore, apply the same rule in examining these pleadings, as to a case where the cause is brought into this court directly by certiorari to a justice. In considering these pleadings, the merits of the defence are alone to be taken into view. In the case of *Nicoll* v. *Dunlapp*, on certiorari, (2 *Johns. Rep.* 195,) the court held, that if it clearly appear, from the evidence on both sides, that the plaintiff had no right to recover, the court will set aside the judgment, though the jury found a verdict for the plaintiff.

In deciding on the issue in law, it remains to inquire, 1. What was the defence intended to be relied on by the defendant ; 2. What is admitted by the pleadings ; and 3. Whether the facts admitted, constitute a valid defence. If they do, it follows, that notwithstanding the finding of the jury on the issue in fact, judgment ough to have been rendered for the defendant, on the whole case in the court below.

The second plea, in substance, avers payment, and the manner in which payment was made. It is true, that the judgment per se, so long as it remained in force, was of itself an extinguishment of the plaintiff's demand ; but the payment under that judgment, was a satisfaction, whether the judgment was reversed or not, provided the defendant elected not to call on the plaintiff after the reversal of the judgment to restore the money, and directed it to be retained as a payment. It is admitted, that after reversal, the defend-

ant might have obliged the plaintiff to refund ; and had he done so, undoubtedly the original cause of action would have revived.    But as such a course would not confer any benefit on the defendant, it is difficult to discover any inducements for pursuing it.    If the defendant, after the reversal, had chosen to compel the re-payment of the money collected of him on the plaintiff's judgment, he would have been liable immediately thereafter, to the original demand with costs.    It appears to me, that this was never intended by the defendant ; but that as he had once fully paid the debt, he waived the right acquired by the reversal, and assented that the money received by the plaintiff should remain in his hands as a satisfaction of his demand.    This the defendant had a right to do ; it was most beneficial for all parties.    I think the defendant's second plea is to be understood as saying the defendant has once paid the plaintiff, by satisfying a judgment recovered by him for the debt now demanded, and insisting that the money thus collected by the plaintiff, shall remain in his hands as a full satisfaction.    This was an appropriation by the defendant of the money the plaintiff held, and directing its application as a payment.    The source from whence the plaintiff received the defendant's money cannot be material ; whether it had been collected on a judgment, which was afterwards reversed, or had been paid to the plaintiff by a stranger for the use of the defendant, seems to be immaterial.    It was, in either case, the defendant's money ; and if so, it follows that he possessed the right to apply it to the payment of any debt the plaintiff claimed against him.    By doing so, the defendant could not afterwards rightfully call on the plaintiff to restore the identical money which the defendant, by his plea, had applied in this manner.    Understanding the plea in this sense, the plaintiff was bound to answer, if he could, so as to avoid it.    The replication alleges, merely, that the judgment was reversed.    If I am correct in the view already taken, that the defendant relied on the money collected on that judgment as payment, and if he had a right to appropriate it in this manner, notwithstanding the reversal, it follows that the replication is no sufficient answer ; it does not confess and avoid, traverse or deny sub-

stantial matter alleged by the defendant, which formed a complete defence against the plaintiff's action, and consequently, as long as that defence remains unanswered, it is a bar to the plaintiff's action. It becomes immaterial to consider what the subsequent pleadings are, if the plaintiff has in substance committed the first fault. The rejoinder, if considered immaterial, has not the effect to nullify a good plea. In the latitude in which pleadings before a justice are viewed, it seems to me the rejoinder goes in some measure to fortify the plea, and to reiterate, in substance, the same matter contained in it. It alleges that no money was recovered on the reversal, thereby showing that the preceding construction of the plea is according to its fair import, to wit, that although the judgment had been reversed, the defendant still insisted that the money collected under it should be applied as payment in this action. On the issue in law, the defendant was entitled to judgment; and as the plea went to the whole cause of action, judgment ought to have been rendered for the defendant, notwithstanding the verdict on the issue in fact. The judgment of the court below must be reversed.