NEW YORK,
May, 1835.

Wemple
v.
Johnson.

---

### Wemple *vs.* Johnson.

The suing out of a *certiorari*, to remove a justice's judgment, may be pleaded in answer to a declaration in debt upon such judgment, although the *certiorari* is not sued out until *after* the commencement of the suit on the judgment.

As a general rule, such defence should be pleaded in *abatement;* but where, in a suit in a *justice's court*, the defendant added notice of such defence to the plea of the general issue, instead of pleading it in abatement, and the plaintiff, at the joining of the issue, did not object to the form of the pleadings; *it was held*, that he could not subsequently object in the common pleas to which the cause was removed by appeal, that the defence was available only by plea in abatement.

ERROR from the Montgomery common pleas. On the 20th May, 1833, Wemple commenced a suit in a justice's court against Johnson, and on the 29th May declared in debt on a justice's judgment, rendered in his favor against the defendant on the 10th May, 1833, for $25 damages, and $2,63 costs. The defendant pleaded the general issue, and gave notice that, on the trial of the cause, he would prove that on the 22d May, 1833, a *certiorari* was allowed by the first judge of Montgomery common pleas, removing the judgment whereon the action was brought into the common pleas; and that such *certiorari* was served on the justice rendering the judgment, on the 29th May, previous to the joining of the issue on that day. The justice rendered judgment for the plaintiff. The defendant appealed. On the trial in the common pleas, after proof of the judgment, the defendant produced the *certiorari* referred to in his notice, allowed on the 22d May, 1833, and also produced the *bond* required to be given

NEW YORK, May, 1835.

Wemple v. Johnson.

on the allowance of a *certiorari*, bearing date and *approved* on the day of the allowance of the *certiorari;* and proved that the affidavit upon which the *certiorari* was allowed, the *certiorari*, and the bond, were served upon the justice who rendered the judgment declared upon, a few hours previous to the joining of the issue in the action upon the judgment. The plaintiff objected to this evidence as inadmissible, because the *certiorari* was not allowed until *after* the commencement of the suit upon the judgment; because the notice was not sufficient to authorize such proof, inasmuch as it was not therein stated that the *certiorari* was brought before the commencement of the suit, or that the necessary steps had been taken to render it a stay of execution; and because the matters relied upon by the defendant, if available, could be plead only in *abatement*, and not in *bar* of the action. The objections however were overruled, and the evidence received; and the jury, under the charge of the court, found a verdict for the defendant, on which judgment was rendered. The plaintiff sued out a writ of error.

*D. P. Corey*, for plaintiff in error.

*J. Morrell*, for defendant in error.

*By the Court*, NELSON, J. A writ of error pending may be pleaded in *abatement* to an action of debt on a judgment, if it be stated that it was brought prior to the commencement of the suit on the judgment, and that the requisite steps have been taken to render it a *supersedeas* to an execution, 2 *Johns. Cas.* 312; or the court will stay the proceedings on a proper application, 1 *Archb. Pr.* 242. The action of debt on judgment is usually unnecessary and vexatious, and is and should be discouraged by the courts. 1 *Ld. Raym.* 47.

The service of a *certiorari* and of the affidavit upon which it is allowed, and of the bond required by the statute, upon the justice rendering the judgment, stays the execution, if not already issued; and, if issued, the certificate of the justice suspends the execution of it in the hands of the constable, 2 *R. S.* 256, § 176. The first clause of this section is

merely declaratory of the common law effect of the writ, 1 *Ba-con's Abr.* 570, *G.*, as, after the *certiorari*, nothing remained before the justice authorizing the execution. It seems to be settled that a *plea in abatement* must aver that the *writ of error* was brought *before* the commencement of the action on the judgment. The strict application of this rule would always defeat the plea in a case like this, as the suit may be commenced as soon as judgment is rendered. To give effect, therefore, to the above provisions of the statute in reference to the *certiorari*, and inasmuch as the summary remedy of staying execution is inapplicable to justices' courts, we feel ourselves bound to say, that the issuing of a *certiorari*, in pursuance of the provisions of the act, constitutes a good defence to the action. The short period within which the *certiorari* must be sued out, and the security required to be given for debt and costs, guard the rights of the defendant in error, and remove every pretence for a new suit on the judgment.

The general rule undoubtedly is, that a defence of this nature must be pleaded in *abatement*; but considering the great informality of pleadings in justices' courts, and the uniform indulgence extended to them, we feel ourselves warranted in holding the notice accompanying the general issue in this case sufficient. The pleadings before justices may be either *verbal* or *written*, 2 *R. S.* 234, § 48. By allowing them to be verbal it is obvious that the legislature intended to dispense with all form, except what was necessary to advise the opposite party of the nature of the matters relied on. It was not contemplated that the justice should attend to the technicality of special pleading: indeed the statute only requires him to notice the *substance* of the pleadings, when put in verbally. It may be added that special pleadings in justices' courts are discountenanced, as is strikingly illustrated in the case of *Kline* v. *Husted* 3 *Caines*, 275. Besides, the plaintiff in this case should have objected to the form of the pleadings at the time of the joining of the issue.

Judgment affirmed.