By the Court, Thomson, J.
I think the court below erred in holding this road to be a public highway, or at least in deciding as matter of law that it was a public highway. I infer from the evidence that it was a private road laid out for the benefit of Nathan Anthony, and not for the public. Although in the town record it is called a ££ highway,” yet that word is coupled with others which show that a public highway could not have been intended by the commissioners who laid it out. It is <£ a highway for JYathan Anthony.” It is almost impossible to suppose that the commissioners would have used such an expression if they had intended any thing more than a private road. And then the road terminated at Anthony’s house, without connecting with any other road, and so it remained down to the time of the discontinuance. Although this fact is not conclusive, it goes to confirm the construction which has been given to the record made by the commissioners. It looks as though the commissioners did not regard this as a matter of public interest, but only as a means of letting Anthony out to the Trownville road. To this it may be added, that the1 road *607 was never opened to the proper width of a public highway, but was confined within the prescribed limit of a private road. (1 R. S. 517, § 80 ; 2 R.L. of’ 13, p. 277, ^ 22.) And finally, the road was never used as a public highway. In answer to all this we have the fact that the road has always been included in some highway district. But this proves nothing, for the reason that the commissioners were then, and still are authorized to annex a private road to a highway district. (1 R. S. 507, § 29 ; 2 R. L. of ’13, p. 277, § 21.) I think the road wras private; but if that be matter of doubt, it should have been left to the jury to draw the proper conclusion from the evidence.
If this was a private road, then for all the purposes of a road it belonged to Anthony, his heirs and assigns. It does not appear that the owners of the lands through which the road was laid signified their intention of using it to the jury which assessed the damages ; and if they did not, they have no right to use the road. (1 R. S. 517, § 79, and 2 R. L. of ’13, p. 276, § 20.) Anthony could have maintained an action on the case against them if they used it. (Lambert v. Hoke, 14 John. 383.) If the fence which the plaintiff built across the road was an injury to any one, it was to Anthony, and he alone had a right to remove the obstruction ; for thafence was not a public nuisance which any citizen might abate. But the plaintiff has done no wrong to any one. Gale, who had purchased Antho ny’s farm, consented that the road should be shut up, and that was an end of the matter. In this view of the case it is unnecessary to inquire whether the road has been regularly discontinued by public authority. It is enough that the only persons having any legal interest in the matter have settled it for themselves. .
But if this had once been a public highway, I think the court below was wrong in holding that it had not been discontinued. The road had in fact been shut up by the plaintiff’s fence for more than two years and a half when the commissioners made the order discontinuing the road. The order was executed *608 the moment it was made. From that time the plaintiff’s fence ceased to be a nuisance, and when the defendant entered four or five months afterwards and removed the fence, he was a trespasser, i
But it is said that the defendant’s appeal from the order of the commissioners operated as a stay of proceedings. Should that be granted, I do not see how the appeal, before it was finally determined, could have the effect of undoing that which had already been done. The order had been fully executed fourteen days before the appeal was made, and nothing short of a reversal of the order by the judges could again open the road. Although an appeal or writ of error sometimes stays the proceedings where they are, yet, in the absence of any statutory provision, they never have a retroactive effect, and annul that which has already been done under the order or judgment.
When a public highway is laid out through 66 enclosed, cultivated or improved lands,” the owner must have sixty days notice to remove his fences, and if there has been an appeal, the notice must be given after the decision of the judges has been made. (1 R. S. 520, § 96, 97.) Here is, in effect, a stay of proceedings, and if the commissioners go on and open the road pending the appeal they will be trespassers. (Clark v. Phelps, 4 Cowen, 190.) This was a decision under the 39th section of the act of 1813, which is substantially like the present statute. But when the commissioners lay out a road through any other than “ enclosed, cultivated or improved lands,” or when they alter or discontinue an old road, no provision has been made for a stay of proceedings, and I am inclined to the opinion that the order of the commissioners may be carried into execution pending an appeal. But it is unnecessary to decide that question; for in this case the order of ' the commissioners was executed before the appeal was taken.
Judgment reversed.