## WILLARD *vs.* BRIDGE.

A bailee of property cannot be charged, in an action of assumpsit brought in the name of a purchaser, upon a contract of bailment made with the former owner.

An objection to the form of a declaration, in a justice's court, which may be taken by demurrer, will be considered as waived if not taken at the time of joining issue; and it cannot be raised in the appellate court.

A position not taken in an inferior court cannot be taken in a court of review, and relied upon for a reversal of the judgment of the inferior court.

Where a plaintiff, in a suit before a justice, declares both in assumpsit and in tort, and no objection is taken to the misjoinder, he may be permitted to recover in either form of action, on making a proper case by his proof.

Pleadings in justices' courts should be treated with great liberality, and construed with a view to substantial justice between the parties; without reference to technical nicety, or legal precision.

A declaration in trover, in a suit before a justice which contains a statement of facts such as, if proved, would sustain a technical declaration in that form of action, and which informs the defendant of the precise nature of the plaintiff's claim, and of the character of the evidence by which it is to be sustained, is sufficient.

Where property deposited with a warehouseman, is delivered to some person other than the owner, by the mistake or negligence of the bailee, this is, in law, a conversion of the property, by the bailee, for which he is liable in an action of trover.

In such a case the conversion will be taken to have occurred at the time of the demand and refusal to deliver the property; and the plaintiff has a right to recover the value of the goods at that time, with interest; or the highest price between that time and the time of the trial.

THIS was an appeal from a judgment of the Oneida county court. Bridge sued Willard before a justice of the peace, and declared verbally in assumpsit, and on all the common counts. The defendant's counsel desired a more specific declaration, whereupon the plaintiff's counsel stated that the plaintiff claimed to recover pay for two bales of hops which had been delivered by one Hurlbut to the defendant, at his store-house, and which were subsequently sold by Hurlbut to the plaintiff, and which the defendant refused to redeliver, or account for. The defendant pleaded the general issue and gave notice of set-off. It was proved that Willard was a warehouseman on the Che-

nango canal, at Oriskany Falls, and received and stored goods for hire. That Hurlbut stored with him two bales of hops in Oct. 1846, and took a receipt from him, acknowledging that the hops were " received in store on account of D. Hurlbut." That the weights of the bales were 256 and 260 pounds; and the hops were of a good quality, and worth from 12 to 14 cents per pound, during the latter part of July and first of August, 1846. The hops were sold to Bridge, by Hurlbut, in the fore-part of November, 1846, and Willard was informed of the sale, a few days afterwards, and was requested to erase Hurlbut's name and put on Bridge's. The receipt for the hops, given by Willard, was transferred by Hurlbut to Bridge, at the time of the sale to him. A demand of the hops was made of Willard, on the part of Bridge, the last of July, 1846. Bridge said that he meant to have seen Mr. Newbury who had had hops stored with him; for he supposed the hops had got in with Newbury's hops, and been taken away by him through mistake. Willard offered to pay eight cents per pound for them, and made no objection that they were not the hops of Bridge, nor because the receipt was not produced. Bridge recovered a judgment before the justice for the value of the hops, $49,02, together with costs, and Willard brought an appeal to the county court. At the close of the testimony on the part of Bridge in the county court, the counsel for Willard moved that the plaintiff be nonsuited, for these reasons; (1.) Because the plaintiff had failed to show any contract or bailment between him and the defendant, and because the action could not be maintained in his name; (2.) Because there was no privity of contract between the plaintiff and defendant; (3.) Because on the proof given, the plaintiff could not recover on his declaration in assumpsit; (4.) Because the plaintiff could not recover on the common counts; (5.) Because the plaintiff had failed to show sufficient negligence in the defendant, to entitle him to recover; (6.) Because no actual conversation of the hops by the defendant had been shown. The judge denied the motion for a nonsuit, and held that the declaration was sufficient to enable the plaintiff to recover, upon the proof. To which

Willard *v.* Bridge.

decision and ruling the counsel for the defendant excepted. The judge then charged the jury, that if they believed those hops had been, by negligence or mistake, delivered to Newbury, or any one else not the true owner, it was a conversion by the defendant. To which charge of the judge, the counsel for the defendant excepted. The judge then charged the jury that the rule of damages was the market value of the hops at the time of the demand. To which charge the counsel for the defendant also excepted, and requested the judge to charge the jury, that if the plaintiff was entitled to recover, the rule of damages was the market value at the time they were taken; which he refused to do, and the defendant's counsel excepted. The jury having found a verdict for the plaintiff for $56,76, the county court rendered a judgment for that sum, together with the costs; and Willard brought an appeal to this court.

*Fowler & Kernan,* for the appellant.

*H. A. Foster,* for the respondent.

*By the Court,* ALLEN, J. The defendant, upon this appeal, objects that the action was in assumpsit, and that the plaintiff did not by his proof make a case to entitle him to recover, either upon the common counts, as for the hops sold and delivered, or upon a contract of bailment; and that the declaration did not authorize a recovery as for a conversion of the property. There is no ground upon which the defendant can be charged in this action in the name of the present plaintiff, upon the contract of bailment made with Hurlbut. (*Suydam* v. *Smith,* 7 *Hill,* 182.) And there is no evidence to charge the defendant, as bailee, upon a contract with the plaintiff. No point appears to have been made at the trial of the cause below, and none was made in the written points furnished the court upon the argument, that for a tortious conversion of the property by the defendant no recovery could be had in this action. And it is well settled that a position not taken in the inferior court cannot be taken and relied upon, for a reversal of the judgment, in the court of review. The cause was evidently tried upon the assumption

Willard *v.* Bridge.

that the plaintiff had declared both in assumpsit and in tort, and no objection having been taken to the misjoinder, he could be permitted to recover in either form, on making a proper case by his proof.

The questions upon this branch of the case are all presented by the defendant's motion for a nonsuit, and the decision of the court thereon. The grounds of the motion are stated, and they assume that if a conversion was proved the plaintiff was entitled to recover. The declaration was treated (but as I think erroneously) as consisting of three parts or counts, as 1, in assumpsit generally ; 2, upon all the common counts; and 3, upon the facts stated, that is, the delivery of the hops by Hurlbut to the defendant as a warehouseman in store, the purchase of them by the plaintiff, and the refusal of the defendant to deliver them. And the reasons assigned by the defendant for his motion point directly to each of these parts, and assume the last count or statement to be good as a declaration in trover *or* upon the contract of bailment, if the plaintiff could recover in his own name upon such contract. The reasons are, (1.) Because the plaintiff had failed to show any contract of bailment between him and the defendant, and because the action could not be maintained in his name. (2.) Because there was no privity of contract between the plaintiff and defendant. These reasons each point to what was assumed to be the third or last division or count of the declaration, treating it as upon the contract of bailment. (3.) Because, on the proof given, the plaintiff could not recover on his declaration in assumpsit. This has reference solely to what the defendant assumed to be an entire count in the declaration, and to be in assumpsit generally, and does not assert, directly or by implication, that the whole declaration is in assumpsit, and that *therefore* the plaintiff cannot recover. (4.) Because the plaintiff could not recover on the common counts, having reference to the second part of the declaration. (5.) Because the plaintiff had failed to show sufficient negligence in the defendant to entitle him to recover. (6.) Because no actual conversion of the hops by the defendant had been shown. The last two grounds clearly assume that

the declaration, or a part of it, was in tort, and call the attention of the court to the sufficiency of the evidence, rather than to the form of the pleading.   No other position was taken by the defendants upon which the court below were called upon to decide upon the form of the action.   The first two reasons assigned for the motion might have been overruled, and the plaintiff permitted to recover upon the contract of bailment, if the part of the declaration referred to was in fact a count in assumpsit upon that contract; for the reason that the objection might and should have been taken by demurrer at the joining of issue, and not having been made at that time, must be considered as waived.   (*Lamburn* v. *Noke,* 14 *John.* 383.   *Canfield* v. *Moner,* 12 *Id.* 347.   *McNiel* v. *Scoffield,* 3 *Id.* 436.   *Whitney* v. *Crim,* 1 *Hill,* 61.   *Dean* v. *Gridley,* 10 *Wend.* 254.)   But the decision of the cause was not put upon that ground.   The record does not show that any objection was taken upon the trial to a recovery by the plaintiff in tort or for a conversion of the property, for the want of a count in that form ; and that question cannot now be raised upon this appeal.   But if the question were before us, we should be compelled to hold that the declaration was in substance a declaration in trover, and that upon proof of the conversion of the property by the defendant, the plaintiff would be entitled to recover.

Technical pleadings in justices' courts have been discountenanced, for very obvious reasons, and great liberality has been extended to them whenever they have been brought in review, whether upon appeal or writ of error.   And they have been uniformly construed with a view to substantial justice between the parties.   The first question in all cases in which an issue of fact has been joined without objection to the pleadings, is whether the statements of the parties, which have taken the place of formal pleadings, have performed the object of pleadings in all courts.   That is, whether they have informed the adverse party of the true cause of complaint, or matter of defence, so that they can go to trial understandingly and without danger of surprise : 2d. What is the fair import of the pleading, construed with reference to the known legal principles àt which

the pleader obviously aimed : and 3d. If a trial has been had, whether substantial justice has been done between the parties upon the issue which they have seen fit to join. In *Stuart* v. *Close*, (1 *Wend.* 438,) to an action for work and labor, the defendant pleaded a former judgment recovered, and money collected and paid. The plaintiff replied a reversal of the judgment on certiorari ; and the defendant rejoined that the money had not been recovered back on reversal. This was held to be substantially a plea of payment, and good as such. Woodworth, J., speaking of the rule of construction of pleadings in justices' courts, says : " Technical nicety or legal precision is not required in the pleadings ; but it will be sufficient if there appear a good ground of action within the justice's jurisdiction, and that the merits of the cause have been tried." So also it has been held that the joining a formal issue is not material, and that special pleading in a justice's court is to be discountenanced. (3 *Caines*, 275, 174.) In the last case, the court observed : " Whenever we can possibly intend from the record that the merits are fairly tried, we will not examine or test by technical rules the formality of the pleadings." (1 *John. C.* 333.) And the court held that the same rules are to apply when the cause is brought into the common pleas and tried there upon an appeal. (*See also Musier* v. *Trumpbour*, 5 *Wend.* 274 ; *Chamberlin* v. *Graves*, 2 *Hill*, 504 ; *Fitch* v. *Miller*, 13 *Wend.* 66 ; *Groff* v. *Griswold*, 1 *Denio*, 432, *and cases there cited.*) Applying the rules to be deduced from the cases cited, to the declaration in this cause, it is very evident that it contains all the elements of a good declaration in trover ; that is, it contains a statement of facts which, if proved, would sustain a technical declaration in that form of action ; and it is also very clear that the defendant must have understood the precise nature of the claim of the plaintiff, and the character of the evidence by which it was to be sustained. This statement of facts is in truth the whole declaration upon which the parties joined issue and went to trial. The declaration in assumpsit was abandoned. The plaintiff first declared verbally in assumpsit, and on all the common counts. The defendant desired a more spe-

Willard *v.* Bridge.

cific declaration; that is, he objected to the sufficiency of the declaration, and demurred informally. The plaintiff thereupon declared anew—waiving his first declaration—and to this amended declaration the defendant pleaded. It contained a statement of facts sufficient to sustain an action, and the county court correctly so held.

The other questions in the cause arise upon exceptions to the charge of the court to the jury.

The judge charged the jury that if they believed the hops had been by negligence or mistake *delivered* to Newbury or any one else but the true owner, it was a conversion by the defendant; thus submitting to them the question whether the loss of the hops was occasioned by the negligent or mistaken *act* of the defendant; and by their verdict they have found that fact in favor of the plaintiff. The defendant might have asked the court to charge the jury to inquire whether the hops had not been lost by the mere omission of the defendant, and that in that case the defendant was not liable as for a conversion of the property, but simply upon his contract of bailment; and the court would have been bound so to charge. (*Hawkins* v. *Hoffman*, 6 *Hill*, 588.) But that request was not made, and the fact which the jury were to find in favor of the plaintiff, to charge the defendant as for a conversion, was an affirmative and positive act of the defendant, viz. the *delivery* by him of the hops to some person other than the true owner. And such *actual* delivery by the defendant, either through negligence or mistake, would, according to well settled principles, be a legal conversion of the goods by him, and the court properly so charged. (*Hawkins* v. *Hoffman, per Bronson, J. supra. Story on Bailments,* § 450.) The cause might have been submitted to the jury with instructions much more favorable to the plaintiff upon the facts proved, to wit, that the plaintiff having proved a demand of the property of the defendant, and a refusal by him to deliver it, the onus was upon him to show that it was lost without fault or gross neglect on his part. And in the entire absence of proof as to the manner or cause of the loss, or even that the property was not still in the possession of the de-

Willard *v.* Bridge.

fendant, a conversion would be presumed. (*Lockwood* v. *Bull*, 1 *Cowen*, 322. 7 *Id.* 500, *note a, citing* 2 *Salk.* 655. *Beards-lee* v. *Richardson*, 11 *Wend.* 26, *per Sutherland, J. Schmidt* v. *Blood*, 9 *Id.* 271, *and cases cited.*) But the cause was tried and submitted to the jury, upon the assumption that the property had been taken by some person other than the owner, from the warehouse of the defendant, and the jury have found that it was *delivered* to such person by the mistake or negligence of the defendant; that is, that by his *act*, and not by his *mere omission*, the property has been lost to the plaintiff. This, in law, is a conversion of the property for which the defendant is liable in an action of trover.

The rule adopted by the judge as to the measure of damages was the correct rule, even if there had been proof that the value of the hops was different at different times. The conversion must be taken to be at the time of the demand and refusal to deliver; as there is no evidence of a conversion at any other time, and the plaintiff has a right to recover the value at that time, with interest; (*Dillenback* v. *Jerome*, 7 *Cowen*, 295;) or the highest price between that time and the time of the trial. (*West* v. *Wentworth*, 3 *Cowen*, 82.) But there was no evidence that the value of the hops was less at any time than at the time of the conversion; so that a charge from the court according to the request of the defendant, in that respect, could not have changed the result, or affected the verdict.

The judgment of the county court should be affirmed, with costs.