## SUPREME COURT.

### CORBIN F. BOUTON, appellant, agt. HIRAM M. BOUTON, respondent.

Upon a reference "to hear and determine the action and report thereon to this court," it is regular to file the report and enter a judgment without any further application to the court.

If the evidence does not sustain the report, the remedy is to appeal from the judgment.

If the report does not find all of the facts desirable to raise the questions on the appeal, additional findings may be inserted in the case.

Although a party does not come to ask relief from the report and judgment on the ground of "mistake, inadvertence or excusable neglect," but claiming relief as a legal right, still under section 174, the court may grant such relief, if the papers show that counsel upon the trial was laboring under a mistake as to the practice, and that he has acted in good faith. *(40 How.*, 217, overruled.)

*Third Judicial Department, Elmira General Term, April,* 1871.

MILLER, POTTER *and* PARKER, *Justices.*

THIS was an action for an account between partners, and alleging that $1,500 was due the plaintiff, and that the partnership had been dissolved March 1, 1867, and before the suit was commenced.

The plaintiff demanded an account and judgment for said $1,500, with general relief.

The answer admitted the dissolution of the partnership, but denied there was any sum due the plaintiff. On the 28th day of December, 1867, the action was referred to John W. Martin, "to hear and determine this action and report thereon to this court."

The cause was tried before the referee, and evidence given on the part of the plaintiff only.

On the trial the defendant's counsel insisted that mere evidence that the plaintiff put in a certain sum as capital, does not show that the defendant has any balance in his hands above one half of the assets. Under these circumstances, the defendant's counsel claimed on the trial, " that it was impossible to state an account between the parties, or to make any other report than that the plaintiff had failed to establish any indebtedness on the part of the defendant, and so give judgment with costs."

The cause was thus finally submitted to the referee without any evidence on the part of the defendant. On the 14th day of May, 1870, the referee reported in favor of the plaintiff, and directed a judgment against the defendant for $1,500, besides costs.

On filing this report, on the 7th day of June, 1870, a judgment was entered by the clerk of Washington County, against the defendant for $1,500 damages, and $186 costs, without any previous application to the court to confirm the report.

Notice of the judgment was duly served upon the defendant's attorney, and he did not appeal from the judgment within the thirty days allowed for that purpose.

Afterwards the defendant moved at special term to set aside the judgment for irregularity, which was granted, October 25, 1870. *(See case reported, 40 How., 217.)*

A. S. BURDICH, *attorney, and*
E. F. BULLARD, *counsel for plaintiff,*

Contended that the defendant's only remedy was by appeal.

II. That the court had no power, after the time to appeal had expired, to grant a new trial, especially where no surprise or newly discovered evidence was alleged.

E. L. FURSMAN, *for defendant,*

Contended the report and judgment were irregular, for the reasons stated by the special term.

*By the court,* PARKER, *J.*—This is an appeal from an order made at special term, setting aside the judgment and report of the referee for irregularity.

The parties were from April 10, 1866, to March, 1867, partners in buying and selling merchandise; on the day last mentioned the partnership was dissolved.

The plaintiff brings this action to obtain from the defendant an accounting of the moneys received and paid out by him for the benefit of the partnership concern, and to recover any balance in his hands which shall be found due the plaintiff, which he alleges fifteen hundred dollars. The defendant admits the partnership and the dissolution at the time mentioned, denies that there is any balance in his hands due the plaintiff, and alleges that since the dissolution, settlement between the parties was had of the partnership dealings, when the books of the partnership were looked over, and a balance struck, and that in the accounting and settlement there was found due the defendant from the plaintiff, the sum of five hundred and sixty dollars and sixty-nine cents for which he demands judgment against the plaintiff. The cause was refered to a counsellor of this court to hear and determine this action, and report thereon to this court.

The referee proceeded to hear the cause, and was attended from time to time by the parties and their counsel, and as appears by his affidavit, after the plaintiff was sworn and examined as a witness on his own behalf, and cross-examined by the defendant's counsel, and had rested his case, the defendant's counsel declined to put in any evidence whatever, insisting that the plaintiff had not made out a case, and that sufficient evidence had not been introduced to entitle the plaintiff to succeed. The books of the partnership, which by an order made in the cause were deposited with a person in Troy for safekeeping, were not introduced in

evidence by either party, and in no way brought before the referee, and there was no evidence before him showing that there was any personal property belonging to the firm undisposed of. The fullest opportunity was given by the referee to each of the parties to introduce all the evidence they desired, and after the evidence was closed the case was adjourned for the purpose of allowing the counsel of each party to furnish the referee with written points and statements, which was done before the report was made.

The referee after receiving such points proceeded to make up his report in which he found as facts:

That the partnership was entered into as charged in the complaint.

That the parties did business under it at Valley Falls in Rensselaer county, New York, from April, 1866, to March, 1867. And after specific findings in relation to sums received and paid by each, he went on to state an account between them of the sums received and paid, and found and struck a balance of said accounts in favor of the plaintiff of $1,823 46, and then found and reported as matter of law:

1st. That the plaintiff was entitled to an accounting with the defendant in respect to said partnership dealings and transactions.

2d. That on such accounting which was referred to him, he found the plaintiff entitled to judgment against the defendant in the sum of $1,823 46, besides costs, and therefore, inasmuch as the plaintiff claimed only $1,500, in his complaint, reported the balance of that sum. For which sum, $1,500, besides costs, the plaintiff entered judgment upon the report on the 7th day of June, 1870.

This judgment and report it was, that the defendant moved at special term to set aside for irregularity, which motion was granted.

I am wholly unable to see in what the irregularity consists. The reference was not a mere reference to take and state an account for the information of the court, as the argument

of the defendant's counsel assumes it to be, but in the language of the order of reference, " to hear and determine the action and report thereon to this court,"—the words " and report thereon to this court ;" after the reference " to hear and determine the action," do not refer to one merely to take and state an account for the information of the court. When this latter reference is had in an equity suit, it is like the reference to a matter in chancery before the Code, as the defendant's counsel insists, and the court give the judgment upon the facts thus brought before it by the report of the referee. But when the case is referred to. a referce, to hear and decide the whole issue as expressed in the Code, ( *Code.*, § 271, *sub.*, 1,) or " to hear and determine the action," as expressed in the order of reference in this case, which is in effect the same thing ( *Renouil* agt. *Harris*, 2 *Sandf.*, 641, 643), the reference is to try the action, and as provided, § 272 of the Code. " The report of the referee upon the whole issue shall stand as the order of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court."

In this reference as in the other, a report of the referee to the court is necessary so that, the fact that, the order of reference requiring the referee to report to the court, does not at all indicate the reference to be under the second subdivision of section 271, and not under the first; when the reference by virtue of section 272 disposes of the whole case as fully and effectually as the court could do, if it was before the court at special term. It is said by the defendant's counsel, that the report of the referee was in no sense, a compliance with the order of reference, and that the order required the statement of the account between the parties, which could be done only from the copartnership books, and this also seems to be the view taken by the learned justice who made the order setting aside the judgment and report (40 *How.*, 217).

It is true, that the plaintiff calls for an account by the

defendant, of all moneys which he has received and paid out
for the benefit of the firm, and demands judgment for what
shall thus be found due the plaintiff.   The defendant sets up
an accounting and settlement since the dissolution, and denies
that anything is due the plaintiff.   We have already seen,
that the referee did state an account, and strike a balance.
What evidence was before him, was not shown upon the
motion.

It did, however, appear that the books of the firm were
not produced by either party.   But we must assume that
the account made up by the referee was based upon sufficient
evidence to warrant it and that no evidence that the firm had
property or owed debts, was given, and there is no intimation
to that effect in the pleadings.   There is no ground for say-
ing that the report of the referee was in any respect erroneous
or defective, or that it does not dispose of the whole case
as shown by the pleadings or the proofs.   It may well be
that the defendants upon a misapprehension of the position
of the case, omitted to put the books of the firm in evidence,
and that they would have shown a different condition of the
case, and a different state of accounts between the parties.
But it was by no means incumbent upon the referee, upon
his own motion to seek out the books, *nor even admissible
on paper on his own part,* to base his report upon anything
not put in evidence by the parties, nor was it incumbent
upon the plaintiff to put the books in evidence, the more
especially, as they were as accessible to the defendant as to
him.   The report and judgment are, I think, entirely regular,
and if the whole case is not disposed of, it is wholly the fault
of the defendant, or his counsel in not bringing before the
referee the matters which he now claims exist in the case, to
prevent a present judgment therein.   The referee very properly
assumed that there was no more of the case than the parties
chose to bring before him by the pleadings and proof, and so
far as appears, correctly disposed of it by his report.   It does
now appear, however, by the affidavits introduced upon the

motion, that the whole case is not, in fact, disposed of by the report and judgment, but that there is a large amount of personal property belonging to the firm, consisting of merchandise and uncollected accounts, and that the firm is indebted to divers parties in a considerable amount, so that the affairs of the firm were not in a state to enable the referee to take a full account between the parties.

Now, although, the defendant does not come to ask relief from the report and judgment on the ground of "mistake, inadvertance, or ecusable neglect," Code, 174, but claiming relief as a legal right, on the ground of irregularity, still the papers on which the motion was made, I think, sufficiently show that the defendant's counsel upon the trial before the referee was laboring under a mistake as to the practice, and the powers and duties of the referee in the premises, and that he has throughout acted in good faith.

It is, therefore, one of the cases in which, by section 174 of the Code, the court may in its discretion, and upon such terms as may be just, relieve the party from the judgment and report.

It seems to me, that in this case, the granting of such relief will be in furtherance of justice. (*Jellinghaus* agt. *The N. Y. Ins Co.*, 5 *Bosw.*, 678, 683).

The order appealed from is, I think, erroneous, and must, upon the conditions hereinafter mentioned be so modified as to set aside the report and refer back the cause to the referee, with leave to both parties to give such additional evidence therein as they shall be advised, the portion of such order allowing the judgment to stand as security to remain, the condition is. that the defendant pay to the plaintiff or his attorney, his costs and disbursements of the former trial before the referee, and all his costs, subsequent thereto to be adjusted by the clerk of Washington County, on due notice, together with $10 costs of the motion at special term, and $10 costs of this appeal. If the defendant shall fail to pay the costs above mentioned within twenty days after the ad-

justment above directed and notice thereof, then the order appealed from must be reversed and set aside, with $10 costs of the appeal.

PLATT, POTTER, J., concurred.
MILLER, P. J., dissented.