### GEORGE v. DEPIERRIS.

(Supreme Court, Appellate Term, First Department. June 22, 1896.)

INNKEEPERS—LOSS OF BOARDER'S TRUNK.

In an action for the value of a trunk and its contents, it appeared that plaintiff was at defendant's hotel as a servant of persons boarding there. When she withdrew from their service, she left the hotel, telling one of defendant's servants that she would send J.'s Express for her trunk, and on the same day she left an order to call for her trunk. On the next day, one of J.'s drivers called for the trunk, but was told that it had been delivered to another expressman on the day before. The expressman to whom the trunk was delivered had a slip of paper with plaintiff's name on it, and he was allowed to take the trunk, but no receipt was required, nor did defendant's servants ascertain his name or the license number of his wagon, or require him to leave the slip of paper. Plaintiff testified that such delivery was made without her authority. *Held*, that defendant was guilty of gross negligence in making such delivery of plaintiff's trunk.

Appeal from Seventh district court.

Action by Alice George against Bertrand Depierris to recover the value of property. A judgment was rendered in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thos. F. Murtha, for appellant.

M. S. Adler, for respondent.

McADAM, J. The action was brought to recover the value of a trunk and contents, which the plaintiff claimed was lost through the negligence of the defendant, the proprietor of the Hotel Bayard, in this city. It appears that in May, 1895, Mr. and Mrs. Schonthal (who subsequently employed the plaintiff) came to the hotel, and engaged rooms for themselves, child, and maidservant. During their stay they changed servants, and on October 30, 1895, the plaintiff was engaged as maid and seamstress. She was assigned to a room, ate at the table of the hotel, with other persons similarly employed by the guests, and her board was regularly paid by her employers while she remained there. The plaintiff left the Schonthals November 18, 1895, and on the morning of that day departed from the hotel, with the avowed intention of not returning. Before leaving, she gave one of the defendant's servants the key to the room she had occupied, and told him she would send Jackson's Express for her trunk. The defendant contends that the Schonthals came to the hotel under a special contract for board, and were therefore boarders, not guests. Even if this be so, the plaintiff, by virtue of her employment, and the contract between the Schonthals and the defendant, became a boarder,

likewise, and whatever liability the defendant assumed as to them extended in like manner to her.    It was incumbent on him, therefore, to exercise such care over the property of his boarder as a prudent person would take of his own property, and he became liable for the negligence of his servants while acting within the scope of their employment.    Smith v. Read, 6 Daly, 33, 52 How. Prac. 14.    Assuming that after the departure of the plaintiff from the hotel, the contractual relation having ceased, the defendant became liable for the property committed to his charge only as an ordinary bailee (Wintermute v. Clark, 5 Sandf. 242), the question is whether he exercised over it "the same or as much care as he takes of his own property of a like kind," or "such care as the circumstances and the nature of the property naturally call for."    Edw. Bailm. § 43.    On November 18, 1895, the plaintiff left the order with Jackson's Express to call for her trunk.    Manning, one of the drivers employed by that concern, called at the hotel for the trunk the next morning, and demanded the trunk, but was told that it had been delivered to another expressman on the previous day.    The defendant proved that a man with a wagon called on November 18, 1895; that he had a slip of paper with the plaintiff's name thereon; and that upon demanding the trunk he was allowed to take it.    The defendant took no receipt for the trunk. Randolph, the hallman, who delivered it, testified that he had worked in hotels for six or seven years, and that in general they took receipts, but that "he did not think to take a receipt for help's trunks."    He did not obtain the name of the man to whom he delivered it, or ascertain the license number of his wagon, or require him to leave the slip of paper containing the plaintiff's name; so that the defendant was unable to give any information concerning where the trunk had gone, or where it could be found, further than it was given to an unknown expressman.    The plaintiff testified that the delivery made was without her authority, and that although she had consulted detectives, and made efforts to recover her property, she had not been able to obtain it.    The delivery of the plaintiff's trunk under such circumstances was not the exercise of that care which the law imposed upon the defendant, and made him liable to the plaintiff for its loss, on the ground of gross negligence.    The rule is that a bailee for hire, or a gratuitous bailee, who delivers the goods he has as such bailee to a wrong party, is liable to the true owner for their value.    Coykendall v. Eaton, 55 Barb., at page 193, and cases cited.    And it is clearly applicable to this case, upon the proofs presented; for the facts show an indifference respecting the safety of the plaintiff's property, and disregard of the usage as to taking receipts, which excludes the idea that any diligence was used by the defendant to insure its delivery to her.

The justice awarded judgment in plaintiff's favor for $75.    It is satisfactorily sustained by the evidence, and must be affirmed, with costs.    All concur.