McKILLOP v. REICH.

(Supreme Court, Appellate Division, Second Department.  November 14, 1902.)

1. BAILMENT—LIABILITY OF BAILEE.
  A person hired of defendant coaches to be used at an entertainment, and defendant agreed to care for such teams as should be sent from a distance.  Pursuant to such agreement, carriages of plaintiff were driven to defendant's stable, and, with defendant's permission, certain articles that were in the carriages were left in the office of the stable.  The articles disappeared, and defendant declined to give any explanation.  *Held*, that defendant was liable for their value.

Appeal from municipal court.

Action by John J. McKillop against David Reich.  From a judgment for defendant, plaintiff appeals.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Martin Byrne, for appellant.
Joseph Wilkenfeld, for respondent.

WOODWARD, J.  The defendant is the keeper of a livery stable.  In December, 1901, one Benjamin Bergman went to the defendant and hired 17 coaches to be used at a wedding entertainment, at the same time entering into an arrangement with the defendant to take care of such other teams as should be sent from a distance.  The defendant supplied the said Bergman with his business cards, marked "O. K.," which were intended for the use of the persons driving the carriages which were to be cared for by the defendant.  Two of these cards were delivered to the plaintiff, and two carriages in his charge were driven to the defendant's stable, to remain during the entertainment.  Certain personal property contained in the carriages was taken from them, and, under the direction of the person who was found in charge of the stable, these articles were placed in the office.  The defendant was outside of the stable, on the sidewalk, at the time; and plaintiff told him he had left the articles in the office, to which the defendant responded, "All right."  Subsequently, when the plaintiff went to the barn for his teams, he was unable to get his personal property deposited in the office, and some time later he made a personal demand of the plaintiff for his property, which was not returned; and the defendant declined to make any explanation of its whereabouts, or to give any reason for not returning the same.

Under these circumstances, the rule is well established that even a gratuitous bailee is liable for the value of the goods.  In Coykendall v. Eaton, 55 Barb. 188, 193, the rule is stated to be that a bailee for hire, or a gratuitous bailee, who delivers the goods he has as such bailee, to a wrong party, or who, after they are demanded of him, does not in any way account for their loss, is liable to the true owner for their value.  Willard v. Bridge, 4 Barb. 361; Beardslee v. Richardson, 11 Wend. 25, 25 Am. Dec. 596; 2 Pars. Cont. (5th Ed.) 96; Esmay v. Fanning, 5 How. Prac. 228, 232; Hayes v. Kedzie, 11 Hun, 577, 580; George v. Depierris, 17 Misc. Rep. 400, 402, 39 N. Y. Supp. 1082; Oswego v. Doyle, 91 N. Y. 32, 41, 43 Am. Rep. 634.  First

Nat. Bank **v.** Ocean Nat. Bank, 60 N. Y. 278, 19 Am. Rep. 181, does not hold a different doctrine. The opinion proceeds upon the ground that the receiving of special deposits was not shown to be part of the ordinary business of the bank, that there was an entire absence of evidence that it was the habit or practice of the defendant to receive such deposits, that no authority to the cashier or assistant cashier to receive special deposits had been shown, and that, whatever might be the incidental powers of the corporation, the power of its officers to bind it could be presumed only to exist within the scope of its ordinary business and their ordinary duties. Pattison v. Bank, 80 N. Y. 82, 93, 36 Am. Rep. 582. In other words, in the case relied upon by the learned court below, the question decided was not that a gratuitous bailee might not be liable under the circumstances shown to exist in the case now before us, but that, in an action against a banking corporation, it was necessary to show that the cashier or other officer accepting the position of bailee was acting within the scope of his actual or implied powers as an agent of the corporation, and was thus in a position to make the latter liable. If the action had been against the cashier personally, and it had been shown that he received the special deposit, and that on demand he had refused to deliver the same or to make any explanation, it is not to be doubted that the court would have reached a very different conclusion.

The judgment appealed from should be reversed, and a new trial ordered, with costs. All concur.