(52 Misc. Rep. 60)

## TOTMAN y. DRAKE,

(Chautauqua County Court. November, 1906.)

1. JUSTICES OF THE PEACE—APPEAL—QUESTIONS NOT RAISED BELOW.

The objection that a verified complaint in an action before a justice on a judgment rendered against defendant by a justice does not state facts constituting a cause of action, in that it fails to show that the court has jurisdiction of the subject-matter and of the person, cannot be raised for the first time on appeal from the second judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, § 511.]

2. SAME—PLEADING—DEMURRER.

An objection that the complaint in an action before a justice on a judgment recovered before another justice does not show that the latter had jurisdiction of the person and of the subject-matter must be raised by demurrer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Justices of the Peace, §§ 97, 223, 309, 324.]

Appeal from Justice Court.

Action by Frank D. Totman against Henry C. Drake. Judgment for plaintiff, and defendant appeals. Affirmed.

The plaintiff's complaint contained the following allegations:

"The above-named plaintiff, for complaint herein against the said defendant, alleges as follows: That at the time of the commencement of this action said plaintiff resides in the town of Stockton, county of Chautauqua, N. Y., and defendant is a resident of the same county. That said plaintiff is now the owner and holder of a certain judgment rendered in Justice's Court by one C. M. Reed, a justice of the peace of said town of Charlotte, on the 27th day of June, 1898, as he is informed and believes, against this defendant, Henry C. Drake, for $19.83 damages and $1.75 costs in favor of Ernest Gleason as·guardian ad litem of Frank D. Totman, who is this plaintiff and who was then less than 21 years of age. That no part of said judgment has ever been paid, and that the defendant is now indebted to him for the whole thereof. That by reason thereof there is now actually due from the defendant to the said plaintiff in this action the sum of twenty-one dollars and fifty-eight cents ($21.58) together with interest thereon from the 27th day of June, 1898. Wherefore the said plaintiff demands judgment against the said. defendant, Henry C. Drake, for the said. sum of twenty-one dollars and fifty-eight cents ($21.58) with interest thereon from the 27th day of June, 1898, besides the costs of this action."

John Leo Sullivan, for appellant.
C. M. Reed, for respondent.

OTTAWAY, J. It is claimed by the defendant (appellant) that the complaint did not state facts sufficient to constitute a cause of action under the common law rule of pleading. He insists that the pleading should have contained allegations of facts showing that the justice, being a court of limited jurisdiction, had jurisdiction both of the person and subject-matter; that, in the absence of these allegations, there was no foundation for the judgment, and its rendition constitutes reversible error. This court cannot concur with this contention. A pleading in Justice's Court is not required to be in any particular form. It is sufficient if expressed so as to enable a person of common understanding to know what is intended. Code Civ. Proc. § 2940. Technical precision in matters of form is not required in pleadings in Justice's Court. Even in matters of substance great latitude is allowed, and the courts uniformly construe them liberally. Knallakan v. Beck, 47 Hun, 117; Ross v. Hamilton, 3 Barb. 609; Willard v. Bridge, 4 Barb. 361; Evans v. Williams, 60 Barb. 346; Bradner v. Howard, 75 N. Y. 417.

Section 2941 of the Code of Civil Procedure is suggestive of the liberality allowed. For the purpose of setting forth a cause of action upon an instrument for the payment of money only, it is sufficient for the party to deliver the instrument to the court and to state that there is due upon it to him from the adverse party a specified sum. Measured by this standard, the complaint in this action was clearly sufficient. While it is not claimed that the judgment in this action was an instrument in writing within the purview of this section, it is indicative of the policy of the law in the construction of pleadings in Justice's Court. The exact procedure in this case is defined by chapter 414, p. 562, Laws 1881, as amended by Laws 1889, p. 641, c. 472. By this act plaintiff may make a written verified complaint, stating, in a plain, concise manner, the facts constituting the cause of action, specifying therein the amount actually due from .the defendant to the plaintiff,

and praying judgment against the defendant for the amount so claimed. The defendant is permitted to answer in the manner indicated by the act. It is also provided that, in case the complaint does not state facts sufficient to constitute a cause of action, the defendant may demur, and describe proper resulting procedure. In case the defendant fails to answer said complaint at the time of the return of said summons, he shall be deemed to have admitted the allegations of the complaint as true, and the court shall, upon filing the summons and complaint, with due proof of the service thereof, enter judgment for the said plaintiff and against the defendant for the amount demanded in the complaint, with costs, without further proof. It will be observed that the measure of damages is the amount demanded in the complaint, and that judgment must be entered for this amount without proof.

The plaintiff in a crude manner has fulfilled the requirements of this statute. He has described the judgment upon which he seeks to recover the amount with sufficient accuracy for a person of common understanding to know what was intended. He has specified the amount actually due thereon, and has asked judgment against the defendant for that amount. The justice obtained jurisdiction of the person by the service of the process. If the complaint was deficient in its statement of facts, the defendant should have interposed a demurrer, and, having failed, he is deemed to have waived the objection. Willard v. Bridge, 4 Barb. 361; Neff v. Clute, 12 Barb. 466; Hall v. McKechnie, 22 Barb. 244; Mayor, etc., of New York v. Mason, 4 E. D. Smith, 142.

Under section 3063 of the Code of Civil Procedure, the judgment is affirmed, with costs to respondent.

Judgment affirmed, with costs to respondent.